## In re Michael Trombly

[627 A.2d 855]

No. 92-257

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed April 16, 1993

*Matt Harnett* of *Lorentz, Lorentz & Harnett*, Rutland, for Petitioner-Appellant.

*Jeffrey L. Amestoy*, Attorney General, and *Susan R. Harritt*, Assistant Attorney General, Montpelier, for Respondent-Appellee.

**Morse, J.** This case presents the issue whether a criminal defense lawyer renders ineffective assistance of counsel by requesting at the client's insistence that the court *not* instruct the jury that attempted manslaughter is a lesser included offense of attempted murder. We hold defendant's counsel represented defendant properly and affirm.

Defendant was convicted in 1984 of attempted first degree murder in violation of 13 V.S.A. § 2301 after he shot a Mont-

pelier police officer in the leg. His defense was diminished capacity due to aggravated stress and intoxication. Defendant took a direct appeal to this Court, *State v. Trombly*, 148 Vt. 293, 532 A.2d 963 (1987), and we affirmed his conviction, holding that it was not plain error for the court to fail to instruct the jury on voluntary manslaughter. *Id.* at 302–03, 532 A.2d at 969. Defendant then petitioned for post-conviction relief in superior court, and his petition was denied. The superior court concluded that defendant had the right to advocate that the instructions cover the elements of attempted first and second degree murder only. Defendant wanted to limit the choice of offenses presented to the jury, believing that inclusion of any manslaughter instruction would increase the probability of conviction. If the jury did not find beyond a reasonable doubt that he intended to kill or place the police officer in mortal danger, the jury would be left with one alternative, acquittal. Because a murder conviction required proof of intent, the option of manslaughter, defendant feared, might prompt the jury to settle for manslaughter.

At the jury charge conference, the parties discussed whether manslaughter, either voluntary or involuntary, should be instructed. The trial court and the prosecution both agreed that a charge including the lesser included offenses would be appropriate. For example, the court stated, "there is caselaw to the effect that the court has an affirmative obligation on its own to charge all appropriate lesser included offenses whether anybody asks for it or not." Defense counsel responded by objecting to the inclusion of a manslaughter instruction, stating his client's preference that if the State failed to prove intent, the jury would not have the option to compromise its verdict. Although defense counsel advised defendant to seek a manslaughter component in the jury charge, he forcefully argued his client's position, urging the court to instruct only on first and second degree murder. The court complied with defendant's preference.

■ Defendant, under both the Sixth Amendment to the United States Constitution and Chapter I, Article 10 of the Vermont Constitution, was afforded the guarantee of reasonably effective assistance of counsel. *In re Ross*, 158 Vt. 122, 125, 605 A.2d 524, 526 (1992). A defendant who raises a challenge to his conviction on the basis of ineffective assistance of counsel must

meet a two-part test. Defendant must show by a preponderance of the evidence, first, that counsel's conduct fell below the prevailing standard of competency, and second, that this failure to meet the standard contributed to the adverse outcome. *In re Hanson*, 160 Vt. 111, 114–15, 623 A.2d 466, 468 (1993).

■■ We need not address the second part of the test, because we find counsel's representation was within the range of acceptable assistance when he advocated his client's chosen strategy to limit the possible verdicts. As noted by the superior court, once defense counsel consults fully with the client about lesser included offenses, "the defendant should be the one to decide whether to seek submission to the jury" of those offenses. This view is supported by the American Bar Association Standards for Criminal Justice, where it is stated:

> Certain decisions relating to the conduct of the case are ultimately for the accused and others are ultimately for defense counsel. The decisions which are to be made by the accused after full consultation with counsel are:
> (i) what plea to enter;
> (ii) whether to waive jury trial; and
> (iii) whether to testify in his or her own behalf.

*The Defense Function* § 4–5.2(a). The commentary to the standard is directly applicable to this case.

> It is also important in a jury trial for the defense lawyer to consult fully with the accused about any lesser included offenses the trial court may be willing to submit to the jury. Indeed, because this decision is so important as well as so similar to the defendant's decision about the charges to which to plead, the defendant should be the one to decide whether to seek submission to the jury of lesser included offenses. For instance, in a murder prosecution, the defendant, rather than the defense attorney, should determine whether the court should be asked to submit to the jury the lesser included offense of manslaughter.

We recognize that many trial tactics are ultimately defense counsel's call, *id.* § 4–5.2(b), but those that directly relate to the crime upon which the jury may rest its verdict generally are within the defendant's decisional control.

■ Our holding that a defendant may control the tactical decision made in this case does not mean, obviously, that the trial court must agree with it. If the court concludes that defendant's strategy advocated by counsel for dispensing with certain jury instructions on lesser included offenses is so ill-advised that it undermines a fair trial, the court may instruct the jury according to its considered view. Such a ruling involves discretion, and so long as the court's exercise of discretion is not abused, we will not disturb it.

■ Other courts have recognized that it may be a valid defense strategy for defendant to forgo an instruction on manslaughter in a murder case, despite that the facts may warrant its inclusion. Furthermore, where the omission is part of trial strategy and the defendant does not request such charge or object to its omission, the court need not include the charge on its own volition. See, e.g., *People v. Sowinski*, 498 N.E.2d 650, 659 (Ill. App. Ct. 1986) (improper for court to give manslaughter instruction where defendant did not want jury to consider "compromise" verdict and its inclusion "risked the possibility of interrupting defense counsel's strategy"); *Hagans v. State*, 559 A.2d 792, 804 (Md. 1989) (whether to instruct on lesser included offense is question of strategy best left to the parties); *Commonwealth v. Carver*, 600 N.E.2d 588, 594–95 (Mass. App. Ct. 1992) (where defendant, upon counsel's advice, chose "all or nothing" strategy and did not request manslaughter charge, no error in omission). Here, the matter was discussed on the record, and defendant's strategy, at his request, was followed by the court.

■ Defendant argues that despite the ABA Standard "a criminal defendant cannot insist that the court and counsel ignore the law." Defendant correctly points out that diminished capacity is not a complete defense to attempted murder, requiring acquittal. *State v. Wheelock*, 158 Vt. 302, 309–11, 609 A.2d 972, 977–78 (1992) (diminished capacity mitigates the degree of homicide from murder to manslaughter rather than excuse the crime altogether). In effect, defendant argues that defense counsel could not successfully advocate, and the trial court could not consider, the possibility that no manslaughter instruction be given.

We have already held that the trial court's consideration of, and acquiescence to, defendant's request was not reversible error. *State v. Trombly*, 148 Vt. at 301–03, 532 A.2d at 968–69. It follows that relief should not be available in this proceeding merely by changing the label from plain error to ineffective assistance of counsel, unless defense counsel improperly advised defendant or undertook substandard practices at trial. The record, however, reflects competent advice and representation throughout. In short, absent an objection or a showing of plain error, the court is not under the threat of reversal for an omission in the charge. *Id.*

The fact that the court's lack of instructions on attempted manslaughter gave the defendant the opportunity for an acquittal based on his diminished capacity defense is hardly unfair. Defendant was thereby given a defense to which he was not entitled. In hindsight, a strategy aimed at maximizing the chances of a verdict of manslaughter might have been preferable to one aimed at the more remote chance of acquittal. In the final analysis, however, it was defendant's choice to advocate one or the other, and his lawyer adhered to the proper standard of practice by advocating his position.

*Affirmed.*