# In re Anthony Cardinal

[649 A.2d 227]

No. 93-292

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed July 1, 1994

Motion for Stay of Mandate Denied July 27, 1994

*Robert Appel,* Defender General, and *Seth Lipschutz,* Prisoners' Rights Office, Montpelier, for Petitioner-Appellee.

*Scot Kline,* Chittenden County State's Attorney, and *Pamela Hall Johnson,* Deputy State's Attorney, Burlington, for Respondent-Appellant.

**Allen, C.J.** The State appeals the grant of post-conviction relief to petitioner Anthony Cardinal, which the superior court granted on the ground that petitioner's lack of meaningful participation in the

individual voir dire process during jury selection denied him a fair trial. We reverse.

Petitioner was charged with sexually assaulting his 17-year-old daughter. His first trial resulted in a mistrial because the jury was unable to reach a verdict; petitioner was retried and convicted on the same charges, and the conviction was affirmed. See *State v. Cardinal*, 155 Vt. 411, 584 A.2d 1152 (1990). This petition, filed in superior court pursuant to 13 V.S.A. § 7131, was based on allegations that petitioner could not see and hear the individual voir dire proceedings because of his distance from the bench, where the questioning was conducted. He alleges violations of his constitutional rights under the Sixth and Fourteenth Amendments to the United States Constitution and analogous protections under the Vermont Constitution, and violation of V.R.Cr.P. 43(a).

The superior court made the following findings. Petitioner was seated at counsel table with his attorneys during the general voir dire portion of jury selection, and had no problem seeing or hearing the venire members. When it came time for individual voir dire, the proceedings took place at the bench due to the sensitive nature of the questions. Petitioner had started to follow his attorneys to the bench for the questioning, but one of his attorneys told him to "wait there." The venire members were seated twenty-five feet from petitioner and the four attorneys stood close by, their backs to petitioner. Because of this, petitioner could not hear most of the responses or see the potential jurors' reactions very well. He never told his attorneys or the court that he did not want to observe the individual voir dire, but he also did not let his attorneys or the court know that he was having difficulty seeing and hearing. The court concluded that the State had not demonstrated a knowing and voluntary waiver of petitioner's right to participate in jury selection. Finding the State had also failed to demonstrate a lack of prejudice from the error, the superior court granted petitioner the requested relief.

Both Vermont and federal constitutional law give a criminal defendant the right to a jury trial and the concomitant right to be present during trial. The right is rooted in the confrontation clause of the Sixth Amendment, *Dowdell v. United States*, 221 U.S. 325, 330 (1911), the due process clause of the Fourteenth Amendment, and the common law. *Snyder v. Massachusetts*, 291 U.S. 97, 107–08 (1934). Though the right to be present is not absolute, *Illinois v. Allen*, 397 U.S. 337, 342–43 (1970), a defendant's right to be present is fundamental to the basic legitimacy of the criminal process. In Vermont that right is codified in V.R.Cr.P. 43(a), which states:

The defendant shall be present at the arraignment, at any subsequent time at which a plea is offered, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.

Petitioner argues that the right to presence at trial may be waived only by a knowing and voluntary, affirmative statement of waiver communicated by petitioner, or by counsel with petitioner's authorization. In granting petitioner relief, the superior court relied on cases in which the courts had proceeded with jury selection knowing that the defendant was absent, without the defendant's knowing and voluntary waiver of the right to attend. See *United States v. Crutcher*, 405 F.2d 239, 242–43 (2d Cir. 1968) (trial court directed selection and impaneling of jury despite knowledge that defendant had been arrested and was held in another state), *cert. denied*, 394 U.S. 908 (1969); *United States v. Mackey*, 915 F.2d 69, 71 (2d Cir. 1990) (jury impaneled despite call from defendant that he would be late due to transportation problems). The only case cited by petitioner in which the defendant was physically present in the courtroom at the start of the voir dire, as in this case, is *People v. Antommarchi*, 604 N.E.2d 95, 590 N.Y.S.2d 33 (1992). In *Antommarchi*, the court invited several prospective jurors to go to the bench "to speak about matters they did not wish to discuss publicly. The discussions were held on the record and in the presence of counsel, but without defendant." *Id.* at 97, 590 N.Y.S.2d at 35. In reversing the conviction, the court explained:

By questioning the prospective jurors' ability to weigh evidence objectively and to hear testimony impartially, the court violated defendant's right to be present during a material part of the trial. Moreover, because defendant had a fundamental right to be present, his failure to object *to being excluded* from the sidebar discussions is not fatal to his claim.

*Id.* (emphasis added). Thus, although *Antommarchi* is similar to the present case with respect to the presence of the defendant in one part of the courtroom while proceedings occurred which the defendant could not effectively observe, it is clear that in *Antommarchi* the court made an explicit decision to conduct proceedings that it knew were inaccessible to the defendant's hearing or vision. See also *Robinson v. United States*, 448 A.2d 853, 855–56 (D.C. 1982) (defendant's rights violated where much of voir dire was conducted at bench while defendant remained seated at counsel table, over objections of defense counsel).

■ In the present case, the superior court found that "the judge purposely tried to keep the individual voir dire quiet because of its sensitive nature" and that "[p]etitioner *was not able to hear much* of the individual voir dire because of his distance from the bench and the lowered voices of the participants." (Emphasis added.) These findings address petitioner's physical inability to see and hear the individual voir dire, but the court does not indicate that the lowered voice levels were intended to exclude petitioner, or that the trial court was aware that petitioner could not see and hear. Moreover, the record does not reflect that petitioner ever advised the court or counsel that he could not see or hear the proceedings. Consequently, his absence from the bench was not the result of any exclusionary action by the trial court or the State.

■ Petitioner did not voluntarily absent himself physically, was not excluded from voir dire proceedings, and could hear and see some of those proceedings. Under these circumstances, a failure to advise the court of an inability to hear and see all will be taken as a waiver of his Rule 43 rights. See *United States v. Gagnon*, 470 U.S. 522, 528 (1985) (knowing of in camera conference, "defendant . . . must assert whatever right he may have under [F.R.Cr.P.] 43 to be present"); *United States v. McClendon*, 782 F.2d 785, 788–89 (9th Cir. 1986) (defendants' failure to object to in-chambers voir dire constituted waiver, citing *United States v. Gagnon*).

■ If petitioner wanted to be present at the bench to participate meaningfully in the voir dire, he could have informed the court of his wish. Such action would have put the court on notice of the difficulty he was having in seeing and hearing. Not having done so, petitioner waived his right to presence. See *United States v. Willis*, 759 F.2d 1486, 1500 (11th Cir.) (defendants waived right to participate in individual voir dire held in judge's chambers, without objection of defense counsel, where court took no action to exclude defendants), *cert. denied*, 474 U.S. 849 (1985).* A rule permitting invalidation of the results of a voir dire because of a defendant's inability to see and hear proceedings, based purely on defendant's after-the-fact testimony, would create great potential for sandbagging the trial court. See *id.*;

---

* The holding in *Willis* relies on Federal Rule of Criminal Procedure 43(b)(1), which states that a defendant "shall be considered to have waived [the] right to be present whenever a defendant, initially present, [is voluntarily absent] after the trial has commenced." The Vermont rule does not differ significantly in its effect, despite the lack of such specific waiver language. See V.R.Cr.P. 43.

cf. *In re Mecier*, 143 Vt. 23, 28, 460 A.2d 472, 475 (1983) (if defendant acquiesced in advice of attorney not to take stand at or before trial, he is deemed to have waived right). We decline to adopt such a rule in Vermont.

Our conclusion is not altered by the court's findings with respect to the advice and actions of petitioner's trial attorneys. The trial court found that "[p]etitioner's attorneys explained to him in a general manner the process, purposes of and reasons for individual voir dire, but not that he had a right to see and hear the individual voir dire." There is no doubt that attorneys should advise clients fully of the right to participate in all stages of a trial, but the court's decision here was not based on the ineffective assistance of counsel, nor are grounds for such a conclusion evident on the record. With or without advice of counsel, petitioner was, in fact, present in court at all stages of the trial.

The court also found that when it was time for individual voir dire and petitioner got out of his chair to go with his attorney to the bench, "[o]ne of his attorneys told him to wait there." But even if we assume that petitioner's subsequent inability to see and hear the individual voir dire proceedings resulted from his attorney's in-court advice, he still fails to state grounds for relief, since a court considering a petition for post-conviction relief may not second-guess an attorney's strategic choices with respect to an in-court client, so long as such choices do not amount to ineffective advice of counsel. *Williams v. State*, 438 A.2d 1301, 1310 (Md. 1981) (overruling earlier case and holding that in future cases counsel could waive defendant's right to hear bench conference during impaneling of jury); see also *Tatum v. United States*, 330 A.2d 522, 524 (D.C. 1974) (counsel's exercise of peremptory challenges at bench did not violate rights of defendant who was in court but not at bench); *People v. Carroll*, 240 N.W.2d 722, 725 (Mich. 1976) (in absence of objection, counsel properly represented defendant in chambers conference raising question of juror's impartiality); *State v. Nevels*, 223 N.W.2d 668, 669 (Neb. 1974) (defendant's absence from chambers conference concerning juror not prejudicial where counsel was present).

Apart from an absence of findings on the point, there is no hint of ineffective assistance of counsel on this record. In testimony at the post-conviction relief hearing, the attorney explained his reasons for not including some defendants in the voir dire process:

There are a number of reasons. Most importantly, a concern that the close proximity of my client to an individual during the type of sensitive questioning that occurs in an individual voir dire in a sexual assault case is going to have more of a detrimental and potentially prejudicial effect, both regarding the individual being questioned and the larger venire panel.

The court also found that the same attorney expressed the "belief that a defendant should not be close to venire persons when they are being asked sensitive questions."

In sum, both jurisprudence and reality suggest that courts should not question the strategic decisions of attorneys during the course of a trial where a defendant is *present* in the courtroom. As the Maryland Court of Appeals put it in *Williams v. State*, 438 A.2d at 1309:

Today, with the complexity of many criminal trials and the absolute right of counsel if there is a danger of incarceration, our system proceeds upon the assumption that it is primarily counsel's function to assert or waive most "rights" of the defendant. Unless a defendant speaks out, normally he must be bound by the trial decisions, actions and inactions of counsel. Otherwise, the system simply would not work. *Estelle v. Williams*, 425 U.S. 501, 512 (1976).

Petitioner has not demonstrated why this proposition should not apply in the present case.

We conclude the trial court committed no error in the conduct of the voir dire process.

*Reversed.*