## In re Donald HARRIS

[671 A.2d 1278]

No. 94-658

December 22, 1995. Petitioner appeals the Chittenden Superior Court's denial of his petition for post-conviction relief, arguing that the court erred in concluding that he waived his right to be present for jury voir dire. We affirm.

Petitioner was charged with sexual assault upon, and lewd and lascivious conduct with, a minor. He was convicted, and the conviction was affirmed. He then filed this petition for post-conviction relief alleging that he was absent from a portion of the jury voir dire at his trial.

On the first day of petitioner's trial, jury voir dire was conducted in open court with petitioner present. On the following morning, petitioner's attorney moved for a mistrial, asserting as grounds media reports that an investigator for defense counsel had threatened or intimidated a witness. The trial court heard arguments on the motion at an in-chambers hearing. The transcript of the in-chambers proceeding is missing, but petitioner's attorney testified that the court then proceeded to conduct individual voir dire concerning the media reports.

Petitioner had informed his attorney of his desire to be present at all stages of his trial whenever permissible but understood that such involvement did not include chambers conferences involving strictly legal matters. He indicated his desire to be present at the hearing on the motion for a mistrial but was told by his attorney to wait in the hallway. When the court proceeded to conduct individual voir dire, petitioner's attorney did not ask the court if petitioner could be present, or object because of his absence, or inform petitioner that the voir dire would be conducted. Although the transcripts are ambiguous, petitioner's attorney testified that she exercised petitioner's peremptory challenges in open court after first discussing them with him.

We do not address whether petitioner waived his right to be present for jury voir dire because the facts of this case do

not support post-conviction relief. To obtain post-conviction relief, the petitioner must establish by a preponderance of the evidence that fundamental errors rendered his conviction defective. *State v. Bristol*, 159 Vt. 334, 337, 618 A.2d 1290, 1291 (1992). We have also said that petitioner must prove he was prejudiced by the trial court's action. *In re Kivela*, 145 Vt. 454, 458, 494 A.2d 126, 129 (1985). We conclude that petitioner's absence from the in-chambers voir dire did not render his conviction defective or result in prejudice against him.

A defendant's right to be present during jury voir dire facilitates his statutory right, under 12 V.S.A. § 1941, to exercise peremptory challenges. It is also an essential element of his right to a jury trial. *State v. Mercier*, 98 Vt. 368, 371, 127 A. 715, 716 (1925). Here, petitioner's absence from in-chambers voir dire did not impair his right to exercise peremptory challenges.

The in-chambers voir dire involved questioning venire members about exposure to the media reports that appeared the morning of May 25. Later, in open court and in petitioner's presence, the court and petitioner's attorney again questioned the same venire members about their exposure to media reports. In petitioner's presence, they were asked:

> Do any of you people of your own knowledge know anything at all about the facts of this case? . . . Do you remember having read or heard or seen anything about this case? . . . Did anyone read the newspaper today of [sic] this new group of witnesses? . . . Did anyone else see the Burlington Free Press or listen to any news there might have been about this case on your way into court?

Further, petitioner's attorney took notes during the in-chambers voir dire, and reviewed those notes with petitioner prior to exercising any of his peremptory challenges. Petitioner was not prejudiced by his absence from the in-chamber voir dire, and the superior court's denial of his motion for post-conviction relief was not error.

*Affirmed.*

**Morse, J.,** concurring. The trial court's findings can be summed up simply: Petitioner's defense counsel did not know her client could be present "in chambers" during voir dire and consequently did not make arrangements for him to be present in person. Ordinarily, counsel's procedural choices are binding on defendant, and when counsel's representation is "ineffective" because of ignorance of criminal procedure, the only relief post conviction is a claim for ineffective assistance of counsel. That claim was not made in this case, and we should affirm on that basis.

Had defense counsel made a "strategic choice" to absent her client from "in chambers" voir dire, *In re Cardinal* would have governed. 162 Vt. 418, 422, 649 A.2d 227, 230 (1994) (court may not second-guess attorney's strategic choices). Here, the defendant-client was not out of touch with his defense counsel, and the trial court had no reason to know they were not effectively communicating.

Because the Court is not presented with a claim of ineffective assistance of counsel, an issue about the standard of review becomes apparent. No objection to defendant not being present "in chambers" was made at the criminal trial, and even if it had been, no issue on appeal was raised. Ordinarily, the issue addressed today would have been unpreserved and not subject to collateral attack.

The Court frames the standard of review in post-conviction relief as involving "fundamental" error resulting in "prejudice" against petitioner. A fundamental error goes to the fairness of the proceedings and results in "a complete miscar-

riage of justice" or disregards "the rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962). The standard "fundamental error," when the error is unpreserved at trial and could have been raised on appeal only as plain error, needs some explanation. Relief in terms of fundamental error must be based on a measure at least as great as "plain error." Otherwise, defendants could bypass unpreserved issues on appeal and have an easier time of it under a more relaxed standard of review in post-conviction relief. The standard in this case, I submit, is that the error must be "plain," that is, it should have been obvious to the court when made, and prejudicial, that is, so serious as to dictate the outcome of the trial.

I agree that the error complained of was not so serious as to be "fundamental," largely because defendant was not particularly prejudiced by it. I would simply say, however, that the error complained of was not "obvious," because the criminal trial court had no way of knowing that defendant's absence was due to his lawyer's ignorance of a procedure governing defendant's presence "in chambers."

Justice Dooley joins in this concurrence.