**STATE of Vermont v. Minh NGUYEN**

[795 A.2d 538]

No. 01-006

February 14, 2002. Defendant Minh Nguyen was convicted in the Chittenden District Court of two counts of attempted second degree murder. During the trial, he communicated with his attorney and the court almost exclusively through a Vietnamese interpreter. Defendant raises four arguments on appeal: (1) he was denied his constitutional right to be present at every stage of his trial because he was denied an interpreter at his arraignment; (2) he was denied due process at trial because the interpreter assigned to him did not accurately translate the testimony, and the court

committed plain error when it did not hold an evidentiary hearing on defendant's concerns regarding the translation; (3) the record for review on appeal is incomplete, because it does not contain the Vietnamese version of testimony, and review cannot proceed without a new trial; and (4) the court committed plain error when it failed to instruct the jury on the lesser included offense of attempted voluntary manslaughter. We affirm.

Defendant was charged with two counts of attempted second degree murder after he attacked two men with a meat cleaver in a dispute over a wallet. Defendant was born in Vietnam and does not speak English fluently; he is also illiterate in both Vietnamese and English. The investigating police officers were able to communicate with defendant initially but eventually sought the aid of an interpreter. The Chittenden County Public Defender's Office represented defendant at arraignment, at which the court queried whether an interpreter was necessary. The public defender declined an interpreter, stating that he and defendant could communicate sufficiently for the purposes of the arraignment. Defense counsel did, however, request an interpreter for defendant in all subsequent proceedings. After the public defender's office notified the court that it could not represent defendant because of a conflict of interest, the court appointed a private attorney to represent defendant.

At a bail review hearing and all subsequent proceedings except sentencing, interpreter Phi Doane was present at the defense table, translating the proceedings so that defendant could understand them. Also, defense counsel used Doane's services to communicate with defendant. Just prior to jury selection, the court asked defendant if he was satisfied with the translation services of Doane, and defendant approved. The court also asked defense counsel if he

was satisfied with Doane's services. Counsel agreed that defendant appeared to understand the proceedings through Doane and that Doane was "immensely" helpful to him in communicating with his client. During the trial Doane had difficulty explaining some DNA evidence and some complicated legal concepts to defendant. But, neither defendant nor his counsel objected to Doane's translation.

In addition to Doane, the court appointed Phi Nguyen to serve as an additional interpreter for the testimony of witnesses who testified in the Vietnamese language. Rather than have Phi Doane translate the English translation of a witness's Vietnamese testimony back into Vietnamese, the court asked the Vietnamese witnesses to elevate their voices so that defendant could hear their testimony. Phi Nguyen admitted that on a couple occasions he had some minor difficulties translating a witness's testimony, but he promptly clarified the testimony with the court and the court properly informed the jury of the clarifications. Again, neither defendant nor defense counsel made any objection to Phi Nguyen's translation.

At the charge conference, both parties agreed that the jury should receive instructions on attempted second degree murder and the lesser included offense of aggravated assault. Both parties also agreed that they did not want the jury instructed on the other lesser included offense of attempted voluntary manslaughter. The jury found defendant guilty of attempted second degree murder on both counts.

After the verdict on January 27, 2000, the court gave defendant until February 11 — the required ten days — to file post-trial motions. Defendant failed to file any post-trial motions within the deadline set by the court and the Vermont Rules of Criminal Procedure. See V.R.Cr.P. 29(c) (judgment of acquittal); 33 (new trial); 34 (arrest of judgment). During the period between

the verdict and sentencing, a period of almost a year, defendant started to raise his dissatisfaction with his lawyer and also with Phi Doane. In May, he apparently filed a pro se post-conviction relief (PCR) petition in the superior court, and a copy of the petition was eventually provided to the district court. The PCR petition basically complained of ineffective assistance of counsel but added that "the translator, Phi Doane, is known to the alleged victims, and a friend of my lawyer." The court also received two letters written on defendant's behalf complaining of the same problems. At a June 27 sentencing hearing, the court addressed these concerns by allowing defendant's trial attorney to withdraw and by appointing a new interpreter to replace Phi Doane. Replacement counsel sought to file a motion for a new trial, but it was denied as untimely. On December 19, defendant was sentenced to two concurrent terms of forty-five years to life.

On appeal, defendant first claims that he was denied his constitutional right to a fair trial because he was denied an interpreter at arraignment. We recognize that both the federal and Vermont constitutions give a defendant the right to be present during every stage of his trial. U.S. Const. amends. V, VI, XIV; Vt. Const. ch. I, art. 10. This right is not absolute, but it is "fundamental to the basic legitimacy of the criminal process." *In re Cardinal*, 162 Vt. 418, 419, 649 A.2d 227, 229 (1994). This right is codified in V.R.Cr.P. 43(a), which specifically gives defendant the right to be present at arraignment, any plea offerings, every stage of the trial, and imposition of sentence. The right to be present is waivable, however. *Cardinal*, 162 Vt. at 421, 649 A.2d at 230. In *Cardinal*, we held that the defendant waived his right to be present during voir dire where he failed to notify the court that he could not see and hear individual voir dire proceedings at the bench. *Id.* The defend-

ant attempted to approach the bench, but his lawyer told him to wait at the defense table. We held defendant's silence constituted a waiver because "[a] rule permitting invalidation of the results of voir dire because of a . . . defendant's after-the-fact testimony, would create great potential for sandbagging the trial court." *Id.*; see also *Cardinal v. Gorczyk*, 81 F.3d 18, 20 (2d Cir. 1996) (same case on federal habeas corpus; defendant waived right to presence by failing to assert it).

Relying on a Kansas case, *State v. Calderon*, 13 P.3d 871, 874-75 (Kan. 2000), defendant contends that denying him an interpreter amounts to denying him his fundamental right to be present during all stages of his trial. Assuming we followed *Calderon*, defendant's failure to raise his inability to understand the proceedings, coupled with his counsel's explicit representation that no interpreter was needed for arraignment, was a waiver under *Cardinal*.

Moreover, defendant's failure to raise this issue prior to this appeal means that we can reverse only for plain error. Plain error exists "only in exceptional circumstances where a failure to recognize error would result in a miscarriage of justice, or where there is glaring error so grave and serious that it strikes at the very heart of the defendant's constitutional rights." *State v. Pelican*, 160 Vt. 536, 538, 632 A.2d 24, 26 (1993) (citations omitted). Defendant has failed to identify any prejudice that resulted from his inability to understand arraignment proceedings. There is no plain error. Cf. *United States v. Maniego*, 710 F.2d 24, 26 (2d Cir. 1983) (no plain error unless lack of interpreter affected defendant's "right to testify and to articulate his defense").

Next, defendant claims that the record shows that Phi Doane was unable to properly translate the evidence, and the court failed to hold an evidentiary hearing about this complaint. Our waiver discussion above covers the first part of this claim. At trial, defendant and his counsel indicated that they were satisfied with Phi Doane's translation. The record references cited by defendant show that the interpreter had trouble fully understanding the complexity of DNA evidence and legal arguments over the jury charge. We cannot tell by the statements in the record alone whether the interpreter accurately and sufficiently translated the words into Vietnamese. We know only that she did not fully understand the testimony.

Defendant acknowledges that we must find plain error to reverse on this issue. Without any showing of prejudice, we cannot find plain error, even if there is any error at all. The pervasive difficulty with defendant's position on this and the earlier issue is that defendant failed to trigger a factual examination of his complaint by seeking a new trial within ten days under V.R.Cr.P. 33. We have only the trial record before us, and that record is not adequate alone to demonstrate the translation deficiencies defendant now seeks to raise.

In answer to this point, defendant argues that the PCR petition and the two related letters to the judge should have triggered the factual inquiry. All of these documents were sent to the court after the guilty verdict and after the period for filing a new trial motion had ended. The PCR petition was addressed to the superior court as required by statute, 13 V.S.A. § 7131; apparently, the district court received a copy with one of the letters. In its discretion, the court responded to these communications by appointing another interpreter for defendant for future proceedings. We do not believe that letters from third parties, and notice that a PCR petition had been filed in another court, are a substitute for the timely new trial motion that was never filed. In the absence of a timely new trial motion, the court had no obligation to hold an evidentiary hearing.

Third, defendant argues that the record on appeal is incomplete because, for witnesses who testified in the Vietnamese language, it does not show both the English and Vietnamese version of the testimony. He says this deficiency is important in this case because the official interpreter admitted on several occasions that he did not correctly translate particular testimony. The record on appeal includes the "transcript of proceedings," see V.R.A.P. 10(a), but there is no requirement that this transcript include non-English versions of the testimony. Indeed, up until relatively recently, it would have been impossible to produce a non-English version of testimony because the testimony was taken by a stenographic reporter who would not know the non-English language. Moreover, the trial interpreter, who is sworn to translate accurately, see V.R.E. 604, is the witness the jury hears.

This claim is governed by V.R.A.P. 10(e), which requires a party who claims the record does not "truly disclose[] what occurred in the . . . District Court" to submit the question to that court to settle. Defendant failed to invoke this procedure and has, therefore, waived any claim of error.

Finally, defendant argues that it was plain error for the court not to instruct the jury on the lesser included offense of attempted voluntary manslaughter. In general, defendant controls the tactical decisions in the trial, including the decision whether to waive a charge on a lesser included offense. See *In re Trombly*, 160 Vt. 215, 218, 627 A.2d 855, 857 (1993). Once defendant has made a tactical decision on jury instructions, he is bound by it on appeal. See *State v. Crannell*, 170 Vt. 387, 408-09, 750 A.2d 1002, 1019-20 (2000) (in first degree murder trial, defendant bound by decision to forego jury instructions on second degree murder and man-slaughter); *Trombly*, 160 Vt. at 219-20, 627 A.2d at 857 (in attempted murder trial, defendant bound by decision to forego instructions on attempted manslaughter); *State v. Grenier*, 158 Vt. 153, 157, 605 A.2d 853, 856 (1992) (where defendant requested instruction on lesser included offense at trial, it was not plain error for the court to so instruct the jury). If the court concludes, however, that defendant's strategy is "so ill-advised that it undermines a fair trial, the court may instruct the jury according to its considered view." *Trombly*, 160 Vt. at 219, 627 A.2d at 857. The court's decision to act sua sponte in this matter is discretionary, "and so long as the court's exercise of discretion is not abused, we will not disturb it." *Id.*

At the jury charge conference, the court had a lengthy discussion with the parties on whether to instruct the jury on attempted voluntary manslaughter. Neither the State nor defendant requested the instruction; in fact, both parties expressly opposed it. Defense counsel then double-checked the decision with defendant, and defendant agreed. Defendant's decision makes tactical sense because the parties had already agreed that the jury should be instructed on a different lesser included offense: aggravated assault. Respecting the decisions of the parties, the court instructed the jury on attempted second degree murder and the lesser included offense of aggravated assault and did not instruct the jury on the elements of attempted voluntary manslaughter. Defendant made no objection to the charge. Under these circumstances, the court's decision to follow the will of the parties in instructing the jury was not plain error.

*Affirmed.*

Motion for reargument denied March 14, 2002.