NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2016 VT 73

No. 2015-118

| | |
|---|---|
| State of Vermont | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Addison Unit, |
| | Criminal Division |
| | |
| Ronald Bean | February Term, 2016 |

Robert A. Mello, J.

David R. Fenster, Addison County State's Attorney, Middlebury, for Plaintiff-Appellee.

Matthew F. Valerio, Defender General, and Anna Saxman, Deputy Defender General, Montpelier, for Defendant-Appellant.

PRESENT: Reiber, C.J., Dooley, Skoglund, Robinson and Eaton, JJ.

¶ 1.     **REIBER, C.J.**   Defendant appeals his conviction for simple assault, arguing that the trial court erred by instructing the jury to consider simple assault as a lesser-included offense of domestic assault, the crime for which he was charged. Specifically, defendant contends (1) that—as instructed to the jury—simple assault is not a lesser-included offense of domestic assault and (2) that the court cannot instruct the jury to consider a lesser-included offense over the defendant's objection. We affirm.

¶ 2.     The altercation leading to defendant's conviction occurred on July 29, 2014, at a Middlebury residential facility for persons with major mental illnesses. In a sworn statement admitted without objection, the complainant claimed that defendant initiated the altercation by

pointing his finger at the complainant. The complainant responded by kicking defendant's hand twice and telling defendant that he "needed a kick in the ass." Suddenly, the complainant experienced blurred vision, pressure, and heat on the left side of his face. Although he initially did not know what had happened, after he saw defendant talking to him, he concluded that defendant had hit him.

¶ 3. Defendant was charged with domestic assault. At trial, he testified that he suffered from schizophrenia and lived at the residential facility. He did not have a complete memory of the altercation and could not remember what started the altercation. The State's case relied on the complainant's sworn statement and the testimony of a staff member of the facility. This staff member said that she was behind defendant as "he reached over with his right hand and punched [the complainant] in the side of the head," and she could "hear the sound of a punch connecting."

¶ 4. Defendant responded with two legal theories. First, defendant argued that he could not be convicted of domestic assault because the complainant was not a "household member" under the domestic assault statute. On this point, defendant's counsel addressed the jury that defendant and the complainant were not part of the same household because the residential facility is "more like a boarding house kind of a situation, where each of these people has their own room." Second, defendant argued that his actions were taken in self-defense because the complainant "kicked at [defendant] twice, by his own statement" and said "something akin to you need to have your ass kicked, I'll kick your ass, words to that effect."

¶ 5. After the State rested, but before defendant rested, the State asked the judge to instruct the jury on simple assault as a lesser-included offense of domestic assault because "all the elements are the same except for the family or household member." Defendant's counsel agreed with the State that simple assault is a lesser-included offense of domestic assault. But defendant's counsel objected to the possibility of a second charge so far into the trial, saying

2

"We've passed all evidence; the State's rested . . . we would oppose the addition of the lesser-included at this point in time." After closing statements, the court nevertheless instructed the jury on simple assault:

> If you decide that the State has not proven each of the essential elements of domestic assault, then you must consider whether [defendant] is guilty of the lesser-included offense of simple assault. Or if you are unable to agree upon a verdict concerning the charge of domestic assault, after all reasonable efforts to reach a unanimous verdict, then you may move on to consider the offense of simple assault.

This instruction was critical to the case; the jury acquitted defendant of domestic assault but convicted him of simple assault. The court sentenced defendant to nine days in jail, and defendant now appeals.

I.

¶ 6. Defendant first argues that—as instructed to the jury—simple assault is not a lesser-included offense of domestic assault. Although this may initially appear to be a reversal of his counsel's position at trial, defendant emphasizes that he does not refer to simple assault and domestic assault generally, but rather to how the court defined the two offenses in its jury instructions. Specifically, he argues that—again, as instructed to the jury—the elements of simple assault and domestic assault each had an element that the other did not. Defendant primarily contends that (1) the domestic-assault instruction had a "household member" requirement but the simple-assault instruction did not and (2) the simple-assault instruction had a proximate cause requirement but the domestic-assault instruction did not. He secondarily contends that simple assault and domestic assault simply had different intent elements: the domestic-assault instruction had a requirement that defendant acted "willfully" but the simple-assault instruction had a requirement that defendant acted "purposely."

¶ 7. A lesser-included offense is one that is composed exclusively of elements shared with the greater, charged offense but also lacks at least one element of that greater, charged

3

offense. State v. Forbes, 147 Vt. 612, 616-17, 523 A.2d 1232, 1235 (1987) ("An offense is a lesser-included offense of another if it is composed of some, but not all, elements of the greater offense and does not have any element not included in the greater offense."); see also Blockburger v. United States, 284 U.S. 299, 304 (1932) ("[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."). If two offenses share elements but each also has an element that the other does not, then neither can be a lesser-included offense of the other.

¶ 8.    As instructed to the jury, the definitions of the two offenses show that simple assault in this case was composed exclusively of elements shared with domestic assault. Explaining the elements of domestic assault, the court instructed the jury:

> [T]he essential elements [of domestic assault] are . . . (1) [defendant]; (2) caused bodily injury to [the complainant] by punching him in the head; (3) he did so willfully; and (4) the person injured . . . was a household member.

Explaining the elements of simple assault, the court instructed the jury:

> The essential elements of [simple assault] are . . . (1) [defendant]; (2) caused bodily injury to [the complainant] by punching him in the head; and (3) he did so purposely. . . . To cause bodily injury means that [defendant's] acts produced bodily injury to [the complainant] in a natural and continuous sequence, unbroken by any efficient, intervening cause.

These portions of the jury instructions are pertinent to defendant's contention that the elements of simple assault and domestic assault—as instructed—each had an element that the other did not.

¶ 9.    Defendant correctly notes that the domestic-assault instruction had a "household member" requirement but the simple-assault instruction did not. These instructions accurately reflect that simple assault is a lesser-included offense of domestic assault because, with the exception of the "family member" or "household member" requirement, domestic assault

4

includes every element of simple assault. See State v. Swift, 2004 VT 8A, ¶¶ 6, 8, 176 Vt. 299, 844 A.2d 802 ("[T]he elements of simple assault are incorporated within the elements of second-degree aggravated domestic assault, and thus simple assault is a lesser-included offense. . . . A simple assault becomes a domestic assault when it is perpetrated against a 'family member,' or . . . a 'household member.' "). Of relevance to this case, the "household member" requirement is met if the victim is living or has lived with the assailant, or shares or has shared occupancy of a dwelling with the assailant. See 15 V.S.A. § 1101(2) (" 'Household members' means persons who, for any period of time, are living or have lived together, are sharing or have shared occupancy of a dwelling, are engaged in or have engaged in a sexual relationship, or minors or adults who are dating or who have dated.").

¶ 10. However, defendant incorrectly argues that the simple-assault instruction had a proximate cause requirement but the domestic-assault instruction did not. He notes that the court did not explain "cause bodily injury" in its domestic-assault instruction but did in its simple-assault instruction. For simple assault, the court effectively explained proximate cause to the jury: "To cause bodily injury means that [defendant's] acts produced bodily injury to [the complainant] in a natural and continuous sequence, unbroken by any efficient, intervening cause." But considering the facts as stated in complainant's sworn statement and the testimony of the staff member relating to causation, no reasonable juror could find that there was an "efficient intervening cause" between defendant's punch and complainant's head injury. In other words, the evidence showed that complainant's head injury could be explained only by defendant's punch. A proximate cause instruction was superfluous for the simple-assault instruction and likewise would have been superfluous for the domestic-assault instruction. Therefore, although a proximate-cause instruction was given as part of the simple-assault instruction, it did not actually add an additional element to simple assault that domestic assault lacked.

¶ 11. Finally, defendant's argument regarding a difference in intent elements likewise fails; we do not agree that simple assault and domestic assault—as instructed—had different intent elements. The court used the term "willfully" to describe the intent element for domestic assault and used the term "purposely" to describe the intent element for simple assault. It explained both terms, and there was no relevant difference between the court's explanations of the two terms. The court explained "willfully" as: "To act willfully means to act intentionally. In other words, it means to act on purpose and not inadvertently because of mistake or by accident." It explained "purposely" as "not inadvertently or because of mistake or by accident . . . it was his conscious objective to cause [the complainant] to be harmed." The explanations are interchangeable: both convey that the jury had to find that defendant caused the harm intentionally rather than by mistake or accident.

¶ 12. Our recognition that "willfully" and "purposely" are equivalent in this case is consistent with our case law. First, our case law explaining the two terms shows that they are interchangeable. In defining "willful" and "willfully" we have emphasized intentionality. See, e.g., State v. Muzzy, 87 Vt. 267, 268, 88 A. 895, 896 (1913) (stating that "the word 'willfully' as here used means intentionally and by design"); State v. Burlington Drug Co., 84 Vt. 243, 252, 78 A. 882, 886 (1911) ("The word 'willful,' though given different definitions under different circumstances, cannot well mean less than intentionally and by design."). And we have equated "willfully" with "purposely." Judd v. Ballard, 66 Vt. 668, 674, 30 A. 96, 98 (1894) (holding that "a wrong willfully done is a wrong purposely done"); see also State v. Parenteau, 153 Vt. 123, 126, 569 A.2d 477, 479 (1989) (holding that defendant's driving violated law that "No person shall operate a motor vehicle on a public highway in willful or wanton disregard for the safety of persons or property" because his driving "well suit[ed] the description of 'an act done intentionally, designedly, knowingly, or purposely, without justifiable excuse.' " (emphases added)). Second, our case law holding that simple assault is a lesser-included offense of

6

domestic assault—despite this difference in the statutes—bolsters our holding here that "willfully" and "purposely" are equivalent.  See Swift, 2004 VT 8A, ¶¶ 6, 8; State v. West, 164 Vt. 192, 194, 667 A.2d 540, 542 (1995) ("The court concluded that defendant was guilty of simple assault, a lesser-included offense of domestic assault. . . . ").

II.

¶ 13.   Defendant next argues that the court cannot instruct the jury to consider a lesser-included offense over the defendant's objection; in other words, that the defendant—as opposed to the State or the court sua sponte—has sole control over whether a lesser-included instruction is given and can force an "all or nothing decision" whereby the defendant is either convicted on the greater offense or on nothing at all.  In support of his argument, defendant points to a line of cases dealing with lesser-included instructions, claiming that the effect of these cases is that "the only circumstance where a trial judge may impose the lesser-included over a defendant's objection is to protect the defendant's Sixth Amendment and Article Ten rights to a fair trial."

¶ 14.   To the contrary, the Vermont statute regarding lesser-included offenses explicitly authorizes the court to give a lesser-included jury instruction if requested by either party:

> Upon indictment or information for any offense, a person may be convicted of a lesser included offense if supported by the evidence. If requested by either party, the jury shall be informed of the lesser included offense if supported by the evidence.

13 V.S.A. § 14(a).  Nothing in the statute implies that the instruction cannot be given if the defendant objects to it.  Indeed, it states that either party may request the instruction and that it "shall" be granted if supported by the evidence.  By extension, this means that (1) the State may request a lesser-included instruction, even over the defendant's objections, and (2) this request must be granted if supported by the evidence.[1]

---

[1]  We also note that the court may consider a lesser-included instruction absent a request from either party if supported by the evidence.  See 13 V.S.A. § 14(b) ("If requested by either

7

¶ 15. This principle aligns with the purposes and traditions underlying lesser-included instructions. See Beck v. Alabama, 447 U.S. 625, 633 (1980) ("At common law the jury was permitted to find the defendant guilty of any lesser offense necessarily included in the offense charged."). The lesser-included instruction "originally developed as an aid to the prosecution in cases in which the proof failed to establish some element of the crime charged." Id. It also has value to the defendant and society:

> The doctrine is a valuable tool for defendant, prosecutor, and society. From a defendant's point of view, it provides the jury with an alternative to a guilty verdict on the greater offense. From the prosecutor's viewpoint, a defendant may not go free if the evidence fails to prove an element essential to a finding of guilt on the greater offense. . . . In addition, the punishment society inflicts on a criminal may conform more accurately to the crime actually committed if a verdict on a lesser included offense is permissible.

State v. Cox, 851 A.2d 1269, 1272 (Del. 2003) (quotation omitted). Because of its value to the State and society, it is appropriate that Vermont law—as embodied in 13 V.S.A. § 14—mandates the granting of the State's request for a lesser-included instruction so long as the evidence supports it, even over the defendant's objections.

¶ 16. Vermont is not alone on this issue; courts in other states have held the same. See Cox, 851 A.2d at 1275 ("[T]he trial judge must give a lesser-included offense instruction at the request of either the defendant or the prosecution—even over the objection of the other party—if the evidence presented is such that a jury could rationally find the defendant guilty of the lesser-included offense and acquit the defendant of the greater offense."); State v. Howland, 402 A.2d 188, 191 (N.H. 1979) ("[T]he State is entitled to have the lesser included offense instruction submitted to the jury if the evidence justifies it. The defendant is not entitled to force an all-or-nothing verdict. . . . " (quotation omitted)).

---

party, or in his or her discretion, the judge in a court trial shall consider a lesser included offense if supported by the evidence.").

¶ 17.    Moreover, the cases cited by defendant simply do not support his position.  In In re Trombly, we assessed whether an attorney had rendered ineffective assistance of counsel by acceding to his client's demands and requesting the court not to instruct the jury on a lesser-included offense.  160 Vt. 215, 627 A.2d 855 (1993).  We concluded that the attorney had not rendered ineffective assistance of counsel.  With a caveat that the court may disregard the defendant's request if it would undermine a fair trial, we held that requesting a lesser-included instruction is a tactical decision, and "once defense counsel consults fully with the client about lesser included offenses, the defendant should be the one to decide whether to seek submission to the jury."  Id. at 218, 627 A.2d at 856 (quotation omitted).  But there is no basis for defendant's position that this recognition further implies that the defendant alone—to the exclusion of the State—decides whether the instruction is given.[2]  As previously explained, this position is directly contrary to Vermont statute.

¶ 18.    The other cases cited by defendant likewise do not support his contrary position.  In State v. Powell, we examined whether the court erred in not instructing the jury that "if the defendant could be convicted of a lesser offense, in case of a reasonable doubt between greater and lesser offenses, you must convict the defendant of the lesser offense only."  158 Vt. 280, 282, 608 A.2d 45, 46 (1992).  To do so would have been "redundant; if the jury is in doubt about the greater offense, it simply cannot convict of that offense."  Id. at 285, 608 A.2d at 48.  In State

_____

[2]  We likewise dispose of defendant's argument—raised in his reply brief—drawing an analogy between plea bargaining and lesser-included instructions.  He contends that, just as a defendant may not be forced to plead guilty to an offense, the court may not force a defendant potentially to be subject to a lesser-included offense.  It is true that a defendant may not be forced to plead guilty to an offense.  But, for reasons explained, the same is not true of being subject to a lesser-included offense.  Moreover, the case cited by defendant in support of this argument simply pertains to who—the attorney or the defendant—makes the tactical decisions of pursuing a plea and requesting a lesser-included instruction.  See People v. Brocksmith, 642 N.E.2d 1230, 1232 (Ill. 1994) ("[W]e believe that the decision to tender a lesser included offense is analogous to the decision of what plea to enter, and that the two decisions should be treated the same.  Because it is defendant's decision whether to initially plead guilty to a lesser charge, it should also be defendant's decision to submit an instruction on a lesser charge at the conclusion of evidence.").

v. Delisle, 162 Vt. 293, 648 A.2d 632 (1994), we analyzed whether the court should give an instruction on a lesser-included offense that is supported by the evidence but barred by the statute of limitations.  We concluded that it should be up to the defendant whether to give the instruction, and if the instruction is given, the jury should be told that it must acquit the defendant if the evidence supports a conviction for only the lesser-included offense.  In State v. Nguyen, we considered whether the court should have nevertheless given a lesser-included instruction even though both the State and the defendant had opposed it.  173 Vt. 598, 795 A.2d 538 (2002) (mem.).  We concluded that the court's decision not to give the instruction was within its discretion; the parties had already agreed on a different lesser-included offense.  Id. at 601, 795 A.2d at 543.  We find no Vermont case supporting defendant's position.

Affirmed.

FOR THE COURT:

_____

Chief Justice