(No. 74833.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JACK BROCKSMITH, Appellee.

*Opinion filed October 20, 1994.*

FREEMAN, J., joined by BILANDIC, C.J., concurring.

Roland Burris, Attorney General, of Springfield, and Michael J. Herr, State's Attorney, of Aledo (Norbert J. Goetten, John X. Breslin and Gary F. Gnidovec, of the Office of the State's Attorneys Appellate Prosecutor, of Ottawa, of counsel), for the People.

Robert Agostinelli, Deputy Defender, and Peter A. Carusona, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellee.

JUSTICE MILLER delivered the opinion of the court:

Defendant, Jack Brocksmith, was charged in the circuit court of Mercer County with the offense of theft by deception, a Class 3 felony. Following trial, an instructions conference was held at which time defense counsel successfully tendered an instruction on the included offense of deceptive practices, a misdemeanor. The jury found defendant not guilty of theft by deception, but convicted defendant of deceptive practices.

Defendant was sentenced to 364 days in jail with credit for time served. The trial court further ordered defendant to pay restitution to the victim in the amount of $75,000, and to reimburse the county $3,115 for the services of the public defender.

Defendant filed a timely notice of appeal from the judgment of the trial court. Defendant subsequently filed a petition for post-conviction relief. The direct appeal was stayed in the appellate court pending resolution of the post-conviction petition in the trial court. The request for post-conviction relief was denied. Defendant appealed from that order. The appeals were consolidated for review. The appellate court affirmed the trial court on the direct appeal, but reversed the trial court's ruling on defendant's post-conviction petition. (237 Ill. App. 3d 818.) We granted the State's petition for leave to appeal to this court. 134 Ill. 2d R. 315.

## FACTS

Defendant testified that in 1985, he owned an insurance agency. Defendant wanted to expand his business, but was unable to obtain financing. Defendant testified that during a social visit with Blanch Littrell, he mentioned his desire to expand his business. Defendant alleged that Littrell offered to lend him the money required for the expansion. Defendant received money from Littrell and used it to purchase new computers,

meet the agency payroll and pay miscellaneous office bills.

Littrell denied that defendant had asked her for a loan. Littrell testified that defendant proposed that she invest her money through defendant in various insurance companies providing a 15% rate of return. On April 4, 1985, Littrell gave defendant a check for $10,000 to invest in these insurance companies. Littrell entered into similar transactions with defendant on April 25, 1985, May 18, 1985, September 12, 1985, October 22, 1985, and July 17, 1986. Littrell's investment with defendant totaled $75,000. In July 1988, Littrell wrote to defendant asking for the return of $50,000. None of Littrell's investment was ever returned.

Defendant was charged with theft by deception. At trial, defense counsel successfully tendered an instruction on the lesser included offense of deceptive practices. Defendant was found not guilty of theft by deception, but was convicted of deceptive practices. Defendant later learned that at the time of trial, the statute of limitations had run on the offense of deceptive practices.

Defendant filed a petition for post-conviction relief. The petition alleged that defendant's rights to effective assistance of counsel had been violated. The petition further alleged that defendant's right to make decisions regarding lesser included offense instructions had also been violated. The petition was accompanied by an affidavit from defendant's trial counsel. In the affidavit, counsel stated that he thought the felony statute of limitations controlled, and that he had not discussed the statute of limitations on deceptive practices with defendant. The State conceded that the misdemeanor charge for deceptive practices would have been precluded by the statute of limitations had it been raised, and that defense counsel was deficient in his knowledge of the law concerning the statute of limitations.

The trial court denied defendant's petition for post-conviction relief. Defendant appealed from that order. The appellate court reversed the trial court, holding that defense counsel provided ineffective assistance of counsel by tendering an instruction on a time-barred offense without informing defendant that the statute of limitations had run on the offense. The appellate court noted that defendant had been acquitted on the theft charge and could not be retried on that count due to *res judicata*. The court further found that because the lesser offense of deceptive practices was barred by the statute of limitation, remand for a new trial was inappropriate. Accordingly, the appellate court dismissed the case without remanding to the trial court.

## DISCUSSION

It is not contested here that defense counsel, rather than defendant, made the ultimate decision to tender an instruction on the lesser included offense of deceptive practices. Defendant claims that he should have been given the ultimate right to decide whether to tender the instruction. The State claims that the decision whether to tender an instruction on a lesser included offense is a matter of trial strategy which is properly within the province of counsel.

In *People v. Ramey* (1992), 152 Ill. 2d 41, this court discussed those decisions that are ultimately for a defendant to make and those that are for trial counsel to make. In deciding the issue presented in that case, this court in *Ramey* held that the defendant has the right to decide whether to appeal. (*Ramey*, 152 Ill. 2d at 54.) The court in *Ramey* also adopted the ABA Standards for Criminal Justice with regard to three other decisions belonging to the defendant: what plea to enter; whether to waive a jury trial; and whether to testify in his own behalf. (*Ramey*, 152 Ill. 2d at 54, citing 1 ABA Standards for Criminal Justice § 4—5.2 (2d ed. Supp. 1986).)

The court in *Ramey* went on to say that "[b]eyond these four decisions, however, trial counsel has the right to make the ultimate decision with respect to matters of tactics and strategy after consulting with his client." *Ramey*, 152 Ill. 2d at 54.

The State claims that the list in *Ramey* of the four decisions that belong to a defendant is exclusive. Defendant, on the other hand, claims that because the decision whether to tender a lesser included offense instruction is analogous to the decision of what plea to enter, that decision should also belong to the defendant. In support of his position, defendant cites to the comments to section 4—5.2 of the ABA Standards for Criminal Justice:

"It is also important in a jury trial for the defense lawyer to consult fully with the accused about any lesser included offenses the trial court may be willing to submit to the jury. Indeed, because this decision is so important as well as so similar to the defendant's decision about the charges to which to plead, the defendant should be the one to decide whether to seek submission to the jury of lesser included offenses." (1 ABA Standards for Criminal Justice § 4—5.2, Commentary, at 4—68 (2d ed. Supp. 1986).)

The comments to standard 4—5.2 show that the drafters believed the decision to tender a lesser included offense instruction was analogous to the decision of which plea to enter, and should receive the same treatment. The State asserts that the court in *Ramey* adopted only the language of standard 4—5.2 itself, not the comments to that section.

The State argues that *Ramey* gives defense counsel the ultimate responsibility for making decisions involving matters of trial tactics and strategy. (*Ramey*, 152 Ill. 2d at 54.) The State further points out that the decision whether to tender a lesser included offense instruction involves matters of trial strategy. (*People v. Barnard* (1984), 104 Ill. 2d 218, 232; *People v. Kubat* (1983), 94 Ill. 2d 437, 485-86; *People v. Clark* (1991), 207 Ill. App. 3d

439, 450; *People v. Palmer* (1989), 188 Ill. App. 3d 414, 428.) The State reasons, therefore, that the decision to tender an instruction on a lesser included offense belongs to defense counsel rather than defendant. We disagree.

Not all decisions involving matters of trial strategy belong to defense counsel rather than defendant. The four decisions accorded to the defendant in *Ramey* involve matters of trial strategy, yet according to *Ramey* and the ABA Standards, those decisions are to be made by defendant.

As the comments to the ABA Standards suggest, we believe that the decision to tender a lesser included offense is analogous to the decision of what plea to enter, and that the two decisions should be treated the same. Because it is defendant's decision whether to initially plead guilty to a lesser charge, it should also be defendant's decision to submit an instruction on a lesser charge at the conclusion of the evidence. In both instances the decisions directly relate to the potential loss of liberty on an initially uncharged offense. This position has been adopted by several other States (see, *e.g.*, *People v. Frierson* (1985), 39 Cal. 2d 803, 817 n.5, 705 P.2d 396, 404 n.5, 218 Cal. Rptr. 73, 81 n.5; *State v. Boeglin* (1987), 105 N.M. 247, 249, 731 P.2d 943, 945; *In re Trombly* (1993), 160 Vt. 215, 218, 627 A.2d 855, 856; *State v. Ambuehl* (1987), 145 Wis. 2d 343, 357, 425 N.W.2d 649, 654; but see *People v. Thompson* (1976), 69 Mich. App. 465, 467, 245 N.W.2d 93, 94), and by our appellate court (*People v. Blommaert* (1992), 237 Ill. App. 3d 811, 816; *People v. Sinnott* (1992), 226 Ill. App. 3d 923, 931-32).

In the present case defense counsel, rather than defendant, made the ultimate decision to tender a lesser included offense instruction on deceptive practices. We believe that this decision ultimately belonged to defen-

dant, and defendant's conviction must therefore be reversed. Because we base our decision on this ground, we need not consider the appellate court's finding that the failure to discuss with defendant the statute of limitations on deceptive practices constituted ineffective assistance of counsel.

*Res judicata* prevents defendant from being retried on the charge of theft by deception. Further, remand for a new trial on the charge of deceptive practices would be inconsistent with our findings here. Defendant was improperly subjected to additional criminal liability when defense counsel wrongfully tendered an instruction on deceptive practices without defendant's consent; remand for a new trial on the charge of deceptive practices would perpetuate that error. The charge of deceptive practices, in any event, is barred by the statute of limitations. Defense counsel's waiver of the statute of limitations cannot be deemed effective where defense counsel did not have the right to waive the limitation. Accordingly, the judgment of the appellate court dismissing the charges against defendant is affirmed.

*Affirmed.*

JUSTICE FREEMAN, concurring:

I concur in the court's judgment. The majority reverses defendant's conviction because defense counsel, rather than defendant, ultimately decided to tender a lesser included offense instruction. The majority holds that this decision ultimately belonged to defendant and not defense counsel. 162 Ill. 2d at 229-30.

I respectfully disagree. I believe that defendant did not receive effective assistance of counsel. I am of the opinion that the decision to tender a lesser included offense instruction is a matter of trial strategy and, therefore, properly rests with defense counsel after full consultation with defendant. I would reverse defendant's

conviction because defense counsel failed to consult fully with defendant concerning the issue.

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong test of *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052. The defendant must prove that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) counsel's substandard representation so prejudiced defendant as to deny him a fair trial. To prove actual prejudice, a defendant must show that a reasonable probability exists that, but for counsel's unprofessional errors, the result would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *People v. Horton* (1991), 143 Ill. 2d 11, 23.

As the Court in *Strickland* explained, a court does not use a checklist to evaluate attorney performance. No particular set of rules for counsel's conduct can satisfactorily take into account the variety of circumstances that defense counsel encounters or the range of legitimate decisions regarding how best to represent a criminal defendant. Any such set of rules would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions. However, prevailing norms of practice, as reflected in, *e.g.*, the American Bar Association standards, guide courts in determining what is reasonable conduct. *Strickland*, 466 U.S. at 688-89, 80 L. Ed. 2d at 694, 104 S. Ct. at 2065.

Citing the American Bar Association (ABA) Standards for Criminal Justice (see 1 ABA Standards for Criminal Justice § 4—5.2(a) (2d ed. Supp. 1986)), this court has recognized three decisions that are ultimately for the defendant to make after full consultation with counsel: what plea to enter, whether to waive a jury trial, and whether to testify in his or her own behalf.

This court has recognized that a criminal defendant also has a fundamental right to decide whether to appeal. *People v. Ramey* (1992), 152 Ill. 2d 41, 54; accord *Jones v. Barnes* (1983), 463 U.S. 745, 751, 77 L. Ed. 2d 987, 993, 103 S. Ct. 3308, 3312.

In *Ramey*, this court further held that beyond those four decisions, however, trial counsel has the right to ultimately decide matters of trial strategy and tactics after consulting with defendant. (*Ramey*, 152 Ill. 2d at 54.) The comments to section 4—5.2 of the ABA Standards for Criminal Justice explain as follows:

> "Many of the rights of an accused, including constitutional rights, are such that only trained experts can comprehend their full significance, and an explanation to any but the most sophisticated client would be futile. Numerous strategic and tactical decisions must be made in the course of a criminal trial, many of which are made in circumstances that do not allow extended, if any, consultation. *** Some decisions *** can be anticipated sufficiently so that counsel can ordinarily consult with the client concerning them. Because these decisions require the skill, training, and experience of the advocate, the power of decision on them must rest with the lawyer, but that does not mean that the lawyer should completely ignore the client in making them. The lawyer should seek to maintain a cooperative relationship at all stages while maintaining the ultimate choice and responsibility for the strategic and tactical decisions in the case." 1 ABA Standards for Criminal Justice § 4—5.2, Commentary, at 4-68 (2d ed. Supp. 1986).

The decision to tender a lesser included offense instruction is such a matter of trial strategy. (*People v. Palmer* (1989), 188 Ill. App. 3d 414, 428.) It is a calculated risk on the part of defense counsel based on his or her assessment of the evidence and the perceived likelihood the jury will convict the defendant rather than acquit altogether. If the instruction is given to a jury that would have chosen to acquit on the greater offense, then counsel has effectively subjected defendant to the risk of

conviction on an uncharged offense when the client might otherwise have avoided any conviction. Alternatively, if defense counsel fails to request the instruction defendant may be found guilty of the greater offense because the jury, in considering closely balanced evidence, believed it should find defendant guilty of a crime under the circumstances. It is these types of strategic calculations that a court will not second-guess. See *People v. Barnard* (1984), 104 Ill. 2d 218, 232; *People v. Chapman* (1981), 94 Ill. App. 3d 602, 608.

Because the decision to tender a lesser included offense instruction is uniquely one of trial strategy, courts have concluded that this tactical decision properly lies within the province of trial counsel. (*People v. Green* (1993), 256 Ill. App. 3d 496, 502; accord *People v. Thompson* (1976), 69 Mich. App. 465, 467, 245 N.W.2d 93, 94; *People v. Griffith* (1994), 158 Ill. 2d 476, 502-03 (Freeman, J., dissenting).) However, I am of the opinion that the decision to tender a lesser included offense instruction "can be anticipated sufficiently so that counsel can ordinarily consult with the client concerning [it]." 1 ABA Standards for Criminal Justice § 4—5.2, Commentary, at 4—68 (2d ed. Supp. 1986).

However, the above-quoted comments to the ABA Standards go on to analogize the decision to tender a lesser included offense instruction to the decision of what plea to enter. Thus, the comments recommend that a defendant should ultimately decide whether to tender a lesser included offense instruction. The majority relies on this recommendation. 162 Ill. 2d at 228.

I disagree with the ABA Standards on this specific issue. Rather, I agree with the Supreme Court of Georgia that the decision to tender a lesser included offense instruction does not rise to the same level as the decision of what plea to enter. Recently, that court has

reasoned that the decision to tender a lesser included offense instruction "is often based on legal complexities only the most sophisticated client could comprehend ***." *Van Alstine v. State* (1993), 263 Ga. 1, 3, 426 S.E.2d 360, 363.

The court in *Van Alstine* noted that it is critically important that defense counsel consult fully with the defendant on whether to tender a lesser included offense instruction. Also, a court must closely scrutinize the effect of a failure to so consult when the defendant asserts ineffective assistance of counsel. However, the court in *Van Alstine* concluded that the failure to follow this crucial practice does not constitute ineffective assistance of counsel as a matter of law. *Van Alstine*, 263 Ga. at 4, 426 S.E.2d at 363.

Applying these principles to the present case, I conclude that defendant did not receive effective assistance of counsel. In terms of the *Strickland* test, I am of the opinion that defendant has proved both deficient counsel and prejudice. I base my conclusion on defense counsel's failure to consult fully with defendant on *defense counsel's* decision to tender a lesser included offense instruction. Specifically, defense counsel failed to inform defendant that the statute of limitations period had run on the lesser included offense. (237 Ill. App. 3d at 822.) I disagree with the majority's holding that this decision was ultimately defendant's to make.

Also, I agree with the appellate court that because defendant was acquitted on the charged offense of theft by deception, he cannot be retried on that count due to considerations of double jeopardy. Further, defendant cannot be retried on the lesser included offense of deceptive practices due to the statute of limitations. (237 Ill. App. 3d at 828.) Thus, I agree that the judgment

of the appellate court, dismissing this action, should be affirmed.

CHIEF JUSTICE BILANDIC joins in this concurrence.