# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Richardson*, 2011 IL App (4th) 100358

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RONALD RICHARDSON, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-10-0358 |
| Filed | November 29, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a prosecution for first degree murder where defendant elected to proceed *pro se* and he was convicted following a jury trial, his conviction was affirmed, despite his contention that the trial court should have *sua sponte* instructed the jury on second degree murder, since the trial court admonished defendant about his duties in deciding to represent himself, including his duty with regard to instructions, and in his case, the decision as to whether he should request an instruction on second degree murder rested solely with him. |
| Decision Under Review | Appeal from the Circuit Court of Morgan County, No. 09–CF–19 ; the Hon. Richard T. Mitchell, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Michael J. Pelletier, Karen Munoz, and Gary R. Peterson, all of State Appellate Defender's Office, of Springfield, for appellant.

Chris Reif, State's Attorney, of Jacksonville (Patrick Delfino, Robert J. Biderman, and Luke McNeill, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

PRESIDING JUSTICE KNECHT delivered the judgment of the court, with opinion.

Justices McCullough and Cook concurred in the judgment and opinion.

## OPINION

¶ 1    In March 2010, a jury convicted defendant, Ronald Richardson, of first degree murder (720 ILCS 5/9-1(a)(1), (a)(2) (West 2008)). In May 2010, the trial court sentenced defendant to 40 years' imprisonment. Defendant appeals, arguing he was entitled to have the jury instructed on the lesser offense of second degree murder. We affirm.

¶ 2                               I. BACKGROUND

¶ 3    In February 2009, the State charged defendant with three counts of first degree murder (720 ILCS 5/9-1(a)(1), (a)(2) (West 2008)). Each count related to a single crime but charged defendant under a different theory of first degree murder. Defendant pleaded not guilty and requested a jury trial. Before the case reached trial, defendant requested permission to proceed *pro se*. The trial court advised defendant of the difficulties in representing himself *pro se* and engaged in the following discourse with him:

"THE COURT: Okay. And you understand that by going to trial without counsel that you are expected to follow the same rules of procedure as [your former counsel] would if he were involved in representing you? You understand that?

DEFENDANT: I understand sir.

THE COURT: *** There's also instructions which are the law of the case. You understand what that is?

DEFENDANT: Yes, sir.

THE COURT: And of course, again, you would be expected to represent yourself in any instruction conferences and anywhere throughout, throughout the whole trial, just the same as if you had counsel. Do you understand that?

DEFENDANT: I understand, sir."

After advising defendant of his responsibilities and giving him time to weigh his options, the court allowed defendant to proceed *pro se*. In March 2010, the case proceeded to trial. The evidence introduced to the jury showed the following.

¶ 4 Police discovered the victim's body in the walkway of an apartment building adjacent to defendant's apartment building. Defendant was seen in the area acting strangely the night before police found the body. While investigating the murder, police officers went to defendant's apartment. Defendant's wife gave the officers permission to search the apartment. The police recovered the boots and overalls defendant had been wearing the previous evening. Defendant's wife also informed them a large knife was missing from the kitchen. The knife was later found on the roof of a neighboring apartment building. The knife, boots, and overalls all had the victim's blood on them.

¶ 5 Officers asked defendant to accompany them to the police station to be interviewed, and he agreed. The interview was recorded. During the interview, defendant asked to speak to his wife, and officers granted his request, though they advised defendant they were going to tape the conversation. While speaking to his wife, defendant admitted stabbing the victim, but claimed it was in self-defense during a drug deal gone bad. He told his wife he stabbed the victim with the knife from their kitchen and threw it on the roof of a nearby building. Officers arrested defendant and charged him with first degree murder.

¶ 6 A few days later, defendant asked to speak with an officer. This second interview was also recorded. At first, defendant denied any involvement in the murder and claimed he was only a witness. Eventually defendant admitted stabbing the victim, but he insisted it was done in self-defense during a dispute over drug money. Later in the day, defendant made two phone calls. Defendant's phone calls were recorded. During the first phone call, defendant admitted stabbing the victim in self-defense but explained it "was a drug addict self-defense." Defendant went on to state he was high and not thinking clearly when he stabbed the victim. Defendant then called his mother and admitted stabbing the victim but claimed he had done so in self-defense while high on drugs.

¶ 7 At trial, the State, *inter alia*, introduced defendant's recorded statements to police and recordings of his telephone conversations into evidence. Defendant's wife also testified to what defendant told her about the events of the night in question. In addition, a friend of the victim who had sold drugs to defendant on previous occasions testified the victim left with defendant around 1:30 a.m. and never came back. Defendant did not testify.

¶ 8 Following closing arguments, the jury convicted defendant of first degree murder. In May 2010, the trial court sentenced defendant to 40 years' imprisonment. Defendant did not file a posttrial motion. This appeal followed.

¶ 9 II. ANALYSIS

¶ 10 On appeal, defendant argues the trial court committed plain error when it failed to instruct the jury on the lesser offense of second degree murder *sua sponte* or, in the alternative, when it failed to inform defendant of his right to request an instruction on second degree murder. Specifically, defendant argues the failure to introduce a jury instruction on second degree murder amounted to grave error and rendered the proceedings fundamentally

unfair.

¶ 11    Generally, any error relating to jury instructions is forfeited if the defendant does not object or proffer alternative instructions at trial, and issues not raised in a posttrial motion will not be considered on appeal. *People v. Reddick*, 123 Ill. 2d 184, 198, 526 N.E.2d 141, 147 (1988). "However, if the interests of justice require, substantial defects in jury instructions in criminal cases may be considered, even though the defendant has failed to make timely objections." *Id.* This rule applies to correct grave errors or errors in cases so closely balanced fundamental fairness requires the jury be instructed properly. *Id.* This court has previously found a failure to give instructions on the elements of a crime constitutes grave error because " 'the jury was not apprised of the People's burden of proof.' " *People v. Killen*, 217 Ill. App. 3d 473, 478, 577 N.E.2d 560, 563 (1991) (quoting *Reddick*, 123 Ill. 2d at 198, 526 N.E.2d at 147). Absent plain error, a court generally has no duty to introduce an instruction not requested by counsel. *People v. Springs*, 51 Ill. 2d 418, 425, 283 N.E.2d 225, 228-29 (1972).

¶ 12    The decision whether to instruct the jury on a lesser offense rests with the defendant and is one of trial strategy. *People v. Brocksmith*, 162 Ill. 2d 224, 229, 642 N.E.2d 1230, 1232-33 (1994). Depending on the particular circumstances of each individual case, the defendant may decide to go with an all-or-nothing approach and not tender the second degree murder instruction, leaving the jury with the option to convict the defendant of first degree murder or acquit. See *People v. Griffith*, 158 Ill. 2d 476, 491-94, 634 N.E.2d 1069, 1076-78 (1994), *cert. denied*, 513 U.S. 952 (1994). Finally, where a defendant elects to proceed *pro se*, he is responsible for his representation and is held to the same standards as any attorney. *People v. Allen*, 401 Ill. App. 3d 840, 854, 929 N.E.2d 583, 595 (2010) ("Defendant was admonished about the consequences of proceeding *pro se* and that he would be required to perform as an attorney would and the court could not provide any legal assistance to him.").

¶ 13    Defendant argues the trial court's failure to offer the second degree murder jury instruction or to inform him of his responsibility to request it amounted to grave error which rendered the proceedings fundamentally unfair. We disagree. Defendant elected to represent himself, despite admonitions by the court regarding the difficulties of doing so. Further, the court expressly advised defendant of his duties regarding the jury instruction conference. The decision whether to request a second degree murder jury instruction rested solely with defendant. The court had no duty to introduce the jury instruction *sua sponte* or inform defendant of the possibility of introducing the jury instruction. Defendant had the responsibility, as his own counsel, to raise the issue with the court. We conclude no error occurred, and we need not examine defendant's claim under either prong of plain-error analysis.

¶ 14    Defendant argues his case is analogous to *People v. Brocksmith*, 162 Ill. 2d 224, 642 N.E.2d 1230 (1994), and *People v. DuPree*, 397 Ill. App. 3d 719, 922 N.E.2d 503 (2010). We conclude *Brocksmith* and *DuPree* are distinguishable. The courts in both *Brocksmith*, 162 Ill. 2d at 229-30, 642 N.E.2d at 1232-33, and *DuPree*, 397 Ill. App. 3d at 737, 922 N.E.2d at 518, focused on whether defense counsel usurped the defendant's right to decide whether to introduce an instruction on a lesser offense. The present case does not involve this issue. Defendant represented himself at trial and could not have usurped the decision

regarding a second degree murder jury instruction.

¶ 15                                III. CONCLUSION

¶ 16        For the foregoing reasons, we affirm the trial court's judgment. As part of our judgment we award the State its $50 statutory assessment against defendant as costs of this appeal.

¶ 17        Affirmed.