NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 200629-U

NO. 4-20-0629

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 15, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Adams County |
| ERIC KITURE, | ) | No. 16CF541 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Michael L. Atterberry, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices Harris and Holder White concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The circuit court's decision to not appoint defendant new counsel for his *pro se* claims of ineffective assistance of trial counsel was manifestly erroneous.

¶ 2     After a December 2016 trial, a jury found defendant, Eric Kiture, guilty of aggravated domestic battery (720 ILCS 5/12-3.3(a-5) (West 2016)).  At an April 2017 sentencing hearing, the Adams County circuit court sentenced defendant to seven years' imprisonment and defendant mentioned having an ineffective assistance of counsel claim.  Defendant filed *pro se* a motion to reconsider his sentence, in which he claimed his trial counsel was ineffective.  At the July 2017 hearing on the motion, defendant was represented by trial counsel and the court did not address defendant's ineffective assistance of counsel claim before denying defendant's motion.  Defendant appealed and argued, *inter alia*, the circuit court erred by failing to make an inquiry into his ineffective assistance of counsel claim in accordance with *People v. Krankel*, 102

Ill. 2d 181, 464 N.E.2d 1045 (1984). The State conceded defendant's case needed to be remanded for a *Krankel* inquiry, and this court agreed. *People v. Kiture*, No. 4-17-0592 (Nov. 27, 2019) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 3        In November 2020, the circuit court had jurisdiction of the cause and conducted a *Krankel* inquiry. Defendant raised numerous claims of ineffective assistance of trial counsel. After hearing from both defendant and trial counsel, the court declined to appoint defendant new counsel and denied defendant's ineffective assistance of counsel claims. Defendant again appeals, asserting (1) the circuit court erred by failing to make an adequate *Krankel* inquiry and improperly denied defendant new counsel, (2) he was denied effective assistance of trial counsel because counsel labored under a conflict of interest, (3) he was denied effective assistance of trial counsel because counsel failed to impeach a state's witness with his prior inconsistent statement, and (4) he was denied a fair trial based on prosecutorial misconduct. We reverse and remand for further proceedings on defendant's *pro se* ineffective assistance of counsel claims.

¶ 4                                    I. BACKGROUND

¶ 5        On September 8, 2016, the State charged defendant by information with one count of aggravated domestic battery, which asserted defendant strangled Nikkole Conway with his hands around her neck and, in doing so, impeded Conway's normal breathing or circulation. See 720 ILCS 5/12-3.3(a-5) (West 2016). That same month, the circuit court held a preliminary hearing, at which the State presented the testimony of Quincy police officer Kyle Hatch. Only the testimony relevant to the issues on appeal follows. Officer Hatch testified he was the third officer at the scene and spoke with Conway. He observed "red marks and scratches on the left side of her neck, as well as a large welt on her left shoulder."

¶ 6        In December 2016, the circuit court held a jury trial on the single charge. The

State presented the testimony of Conway and Officer Hatch.

¶ 7            Conway testified she had known defendant since 2009 or 2010. She started dating him in 2016, and they began living together. In August 2016, they moved into a room at the Welcome Inn. The room had two beds, a table, a sink, and a separate bathroom with a toilet and bathtub. On September 6 or 7, 2016, Conway's mother, Rebecca Cox, was also in the hotel room. That day, Conway needed the Illinois Link card that defendant possessed and woke him up to get it. Defendant appeared angry and called her a "bitch." They began yelling at each other, and defendant stood up next to the bed. Conway attempted to leave the hotel room, and defendant stood in front of the door to prevent her from leaving. Defendant then grabbed Conway by the shirt and pulled her into the bathroom. There, defendant was "choking" Conway with one hand. He used the other hand to keep the door shut because Cox was trying to open it. Cox was also screaming at defendant to let Conway go. At one point during the altercation, Conway was unable to breathe. Eventually, defendant let her go. A maintenance man came to the hotel door and asked if everything was okay. Defendant told the maintenance man it was okay.

¶ 8            Conway was eventually able to get out of the hotel room and go to the door of Althea Buckner, a friend who was also staying at the hotel. There, Conway sat down and asked Buckner for help. Defendant came after Conway, and when he reached her, he leaned over and told Conway the following: "Bitch, you got to the count of three. If you don't get up, I'm going to knock you out." Buckner told defendant not to act like that in front of her kids and she was going to call the police if defendant did not stop. Defendant did not stop, and Buckner told defendant the police were coming. At that point, defendant drug Conway by her hair back to their hotel room. After they returned, Conway and Cox left the hotel room, and defendant

proceeded to follow them.

¶ 9        Conway further testified Officer Hatch arrived and got out of his car. He directed Conway to come over to him. Conway went to the officer, and defendant stayed to the side. Conway told Officer Hatch what had happened. Conway testified she knew she had a black eye and her left shoulder was completely bruised. Officer Hatch took photographs of Conway's injuries. Conway identified her injuries in Officer Hatch's photographs during her testimony. She denied having the injuries before the incident. Conway stated the incident with defendant was ongoing for two hours. She denied drinking and using drugs before the incident. Conway did not seek treatment for her injuries and did not file a petition for an order of protection after the incident. Conway explained she did not think it was necessary because defendant had been incarcerated.

¶ 10        Officer Hatch testified he got a call for a disturbance from the hotel's front desk. A room number was provided and the name of one of the parties involved was "Nikki." Officer Hatch knew Conway from prior dealings. He located Conway across the street from the hotel with her mother and defendant. Defendant continued to talk the whole time saying nothing had happened. Officer Hatch noticed red marks on Conway's neck and Conway seemed frightened. He had to separate Conway from defendant and her mother before she would talk. Defendant continued to say Conway's name even when she was away from him.

¶ 11        Officer Hatch described Conway's injuries as "scratch marks and redness" on the left side of her neck. He explained the redness went all the way around her neck. Conway also had a welt on her shoulder blade that looked like it was the start of a bruise. He identified the photographs he took of Conway. When asked to point out Conway's injuries, Officer Hatch explained, "there was redness, but it doesn't show up very well on the overhead, but there was

- 4 -

redness on the front and all the way around to the back of her neck." During his testimony, Officer Hatch noted two more times the redness went all the way around Conway's neck. After speaking with Conway, Officer Hatch spoke with defendant. When asked how Conway's injuries occurred, he indicated nothing happened and he did not know how the injuries occurred. Defendant did admit he grabbed Conway by the arm and picked her up. Officer Hatch also spoke with Conway's mother who briefly stated what she had seen inside the hotel room.

¶ 12        After hearing the parties' arguments, the jury found defendant guilty of aggravated domestic battery.

¶ 13        In January 2017, defendant filed a timely posttrial motion, asserting (1) the circuit court erred by barring evidence the victim's mother used racial slurs against defendant during the altercation, (2) the State mischaracterized the evidence during closing arguments, and (3) the State's evidence was insufficient to prove defendant intentionally impeded Conway's airflow. After a February 2017 hearing, the court denied defendant's posttrial motion.

¶ 14        In April 2017, the circuit court held defendant's sentencing hearing. The court noted it was not going to sentence defendant according to the extended-term sentencing provisions and then sentenced defendant to seven years' imprisonment. At the end of the hearing, defendant noted he would be filing a motion to reconsider and filing a claim of ineffective assistance of counsel. Defendant filed *pro se* a motion to reconsider his sentence, in which he argued, *inter alia*, his sentence was excessive, his sentence violated the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11), and the trial court failed to consider all of the mitigating factors. Defendant also alleged trial counsel was ineffective because counsel misunderstood simple sentencing guidelines by first suggesting defendant was subject to Class X sentencing and then extended-term sentencing. He asserted, if

counsel would have known the correct sentencing guidelines, he would have received a more favorable plea offer from the State. In July 2017, the circuit court held a hearing on defendant's *pro se* motion to reconsider his sentence, and trial counsel represented defendant at the hearing. After considering the parties' arguments, the court denied defendant's motion.

¶ 15 Defendant appealed, and this court remanded the case for a *Krankel* inquiry. *People v. Kiture*, No. 4-17-0592 (Nov. 27, 2019) (unpublished summary order under Illinois Supreme Court Rule 23(c)). On remand, the circuit court conducted the *Krankel* inquiry on December 31, 2019, which was before our mandate issued in case No. 4-17-0592. Defendant appealed again, and this court again remanded the case for another *Krankel* inquiry because the circuit court lacked jurisdiction when it conducted the December 2019 inquiry. *People v. Kiture*, No. 4-20-0032 (May 8, 2020) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 16 On November 11, 2020, the circuit court held another *Krankel* inquiry. Defendant raised numerous claims of ineffective assistance of trial counsel, including trial counsel failed to impeach Officer Hatch and Conway with prior inconsistent statements and to tender a lesser-included jury instruction. As to the latter claim, defendant noted he asked trial counsel about a jury instruction for a lesser charge and counsel responded he could not put the jury instruction in because defendant had one count of aggravated domestic battery. After defendant set forth his numerous claims of ineffective assistance of counsel, the court invited defense counsel to reply. Counsel responded his decisions were based on his trial strategy. After trial counsel responded, the court told defendant he had the last word. Defendant added additional details to some of his ineffective assistance of counsel claims until the court found he was just repeating information. The court found all of defendant's claims were matters of trial

strategy.  The court declined to appoint defendant counsel and denied defendant's ineffective assistance of counsel claims.

¶ 17            Defendant again appealed.  This court retained jurisdiction of defendant's direct appeal in our prior decision.  See *People v. Kiture*, No. 4-17-0592 (Nov. 27, 2019) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 18                                    II. ANALYSIS

¶ 19            Defendant asserts the circuit court failed to conduct an adequate *Krankel* inquiry into the bases of his claims of ineffective assistance of trial counsel and improperly denied him appointment of counsel.  The State disagrees with both contentions.  Even assuming the circuit court's *Krankel* inquiry was adequate, we find the court erred by failing to appoint defendant counsel.

¶ 20            A *pro se* posttrial claim alleging ineffective assistance of counsel is governed by the common-law procedure developed by our supreme court in *Krankel* and refined by its progeny.  *People v. Roddis*, 2020 IL 124352, ¶ 34, 161 N.E.3d 173.  "The procedure encourages the trial court to fully address these claims and thereby narrow the issues to be addressed on appeal."  *Roddis*, 2020 IL 124352, ¶ 34.  Under the supreme court's procedures, the circuit court does not automatically appoint counsel when a defendant presents a *pro se* posttrial claim alleging ineffective assistance of counsel.  *Roddis*, 2020 IL 124352, ¶ 35.  Rather, the court first examines the factual basis of the defendant's claim.  *Roddis*, 2020 IL 124352, ¶ 35.  In doing so, the court considers the merits of defendant's allegations in their entirety.  *Roddis*, 2020 IL 124352, ¶ 61.  If the court determines the claim lacks merit or pertains only to matters of trial strategy, then the court need not appoint new counsel and may deny the *pro se* claim.  *Roddis*, 2020 IL 124352, ¶ 35.  "However, if the allegations show possible neglect of the case, new

- 7 -

counsel should be appointed." *Roddis*, 2020 IL 124352, ¶ 35. New counsel can then independently evaluate the defendant's claim and avoid the conflict of interest trial counsel would have in trying to justify his or her own actions contrary to the defendant's position. *Roddis*, 2020 IL 124352, ¶ 36. New counsel also represents the defendant at the hearing on the *pro se* ineffective assistance of counsel claim. *Roddis*, 2020 IL 124352, ¶ 36. When the court has properly conducted a *Krankel* inquiry and has reached a determination on the merits of the defendant's *Krankel* motion, this court will reverse that determination only if the circuit court's action was manifestly erroneous. *People v. Jackson*, 2020 IL 124112, ¶ 98, 162 N.E.3d 223. "Manifest error is error that is clearly evident, plain, and indisputable." *Jackson*, 2020 IL 124112, ¶ 98.

¶ 21        Additionally, we note courts analyze ineffective assistance of trial counsel claims under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Evans*, 186 Ill. 2d 83, 93, 708 N.E.2d 1158, 1163 (1999). To obtain reversal under *Strickland*, a defendant must prove (1) his counsel's performance failed to meet an objective standard of competence and (2) counsel's deficient performance resulted in prejudice to the defendant. *Evans*, 186 Ill. 2d at 93, 708 N.E.2d at 1163. To satisfy the deficiency prong of *Strickland*, the defendant must demonstrate counsel made errors so serious and counsel's performance was so deficient that counsel was not functioning as "counsel" guaranteed by the sixth amendment (U.S. Const., amend. VI). *Evans*, 186 Ill. 2d at 93, 708 N.E.2d at 1163. Further, the defendant must overcome the strong presumption the challenged action or inaction could have been the product of sound trial strategy. *Evans*, 186 Ill. 2d at 93, 708 N.E.2d at 1163. To satisfy the prejudice prong, the defendant must prove a reasonable probability exists that, but for counsel's unprofessional errors, the proceeding's result would have been different. *Evans*, 186 Ill. 2d at

93, 708 N.E.2d at 1163-64.

¶ 22    One of defendant's *pro se* claims of ineffective assistance of counsel raised on remand was trial counsel failed to submit a lesser-included jury instruction. Defendant's comments at the *Krankel* hearing suggest defendant asked counsel about a lesser-included offense instruction. Domestic battery is a lesser-included offense of aggravated domestic battery. See 720 ILCS 5/12-3.3(a-5) (West 2016) (establishing the commission of domestic battery is a necessary element of aggravated domestic battery). Defendant stated defense counsel told defendant the jury instruction could not be submitted because defendant had only one count of aggravated domestic battery. In response, trial counsel stated the following:

> "My failure or—my failure to include a lesser included charge jury instruction was trial strategy. I will say for the record I never had a conversation with [defendant] where I told him that I would or that I had changed my mind and that I could not because he only had one charge. I do not believe that conversation ever took place. My decision not to include a lesser included jury instruction was trial strategy."

¶ 23    In *People v. Brocksmith*, 162 Ill. 2d 224, 229, 642 N.E.2d 1230, 1232 (1994), our supreme court held a defendant has the exclusive right to decide whether to submit a jury instruction on a lesser-included offense at the conclusion of the evidence. There, the supreme court reversed the defendant's conviction on the lesser-included offense because defense counsel, rather than the defendant, had made the ultimate decision to tender the lesser-included offense instruction. *Brocksmith*, 162 Ill. 2d at 229-30, 642 N.E.2d at 1233. Here, the State acknowledges the decision whether to submit a lesser-included offense instruction was not defense counsel's to make. As such, trial counsel's actions were not a matter of trial strategy.

- 9 -

However, the State still asserts the circuit court's decision not to appoint counsel was proper because defendant's claim was still meritless.

¶ 24    The State first suggests defendant would not have tendered such an instruction if he had been allowed to make the decision because defendant did not accept the State's plea deal. The State's argument is irrelevant since defense counsel did not allow defendant to make the decision. Further, defendant's statements at the *Krankel* inquiry suggest he desired a lesser-included offense instruction.

¶ 25    The State next argues defendant was not prejudiced by defense counsel's making the decision about the lesser-included offense instruction. It notes "[a] defendant is entitled to a lesser-included offense instruction only if the evidence at trial is such that a jury could rationally find the defendant guilty of the lesser offense, yet acquit him of the greater." *People v. Medina*, 221 Ill. 2d 394, 405, 851 N.E.2d 1220, 1226 (2006). The State contends the evidence was such that the jury would not have convicted defendant of only domestic battery. However, defense counsel's theory was Officer Hatch suggested to Conway defendant's actions impeded her breathing. Defense counsel emphasized the injuries to Conway were very minor, which is not refuted by the pictures. At the *Krankel* hearing, defendant asserted other errors by defense counsel in impeaching Officer Hatch's testimony that suggested Conway was strangled.

¶ 26    Based on the information disclosed at the *Krankel* inquiry and the record on appeal, defendant's claim of ineffective assistance of counsel based on counsel's failure to tender a lesser-included instruction is not meritless. As such, defendant did show possible neglect of his case by defense counsel. The circuit court's finding to the contrary is manifestly erroneous. Thus, we remand defendant's case for appointment of new counsel to address defendant's ineffective assistance of counsel claims. We need not address defendant's other claims of

ineffective assistance of counsel as defendant's new counsel will be able to independently evaluate the merit of those claims. Additionally, we express no view on the ultimate merits of defendant's ineffective assistance claims or on any of his other appellate arguments. As noted in our first order, if after a subsequent hearing on the ineffective assistance claims, the circuit court rejects that claim, then defendant may again appeal, at which point we will address defendant's remaining arguments from this appeal and any argument on appeal defendant may raise about the circuit court's determination his trial counsel was not ineffective. See *People v. Kiture*, No. 4-17-0592 (Nov. 27, 2019) (unpublished summary order under Illinois Supreme Court Rule 23(c)). "To avoid confusion in the event of a subsequent appeal, we retain jurisdiction over this matter pursuant to Illinois Supreme Court Rule 366(a)(5) (eff. Feb. 1, 1994)." *In re T.R.*, 2019 IL App (4th) 190051, ¶ 51, 127 N.E.3d 1157.

¶ 27                                  III. CONCLUSION

¶ 28           For the reasons stated, we reverse the Adams County circuit court's denial of defendant's ineffective assistance of counsel claims without the appointment of counsel and remand the cause for further proceedings consistent with this order.

¶ 29           Reversed and remanded with directions.