2022 IL App (1st) 191892-U

SECOND DIVISION
May 17, 2022

No. 1-19-1892

NOTICE: This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | |
|---|---|
| DARNISHA JONES, | ) |
| | ) Appeal from the |
|     Defendant-Appellant, | ) Circuit Court of |
| | ) Cook County, |
| v. | ) Municipal Department, |
| | ) First District. |
| GUADALUPE LEONARDO PADILLA LOPEZ[1], | ) |
| | ) No. 19 M1 708006 |
|     Plaintiff-Appellee. | ) |
| | ) Honorable |
| | ) Scott D. McKenna, |
| | ) Judge Presiding. |
| | ) |

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court. Justices Howse and Cobbs concurred.

**ORDER**

¶ 1    *Held*: This appeal is dismissed because of the appellant's failure to comply with the requirements of Illinois Supreme Court Rule 341. Ill. S. Ct. R. 341 (eff. Nov. 21, 2017).

¶ 2    This appeal stems from a forcible entry and detainer action filed by the plaintiff, Leonardo

---

[1] We note that while the notice of appeal names "Guadalupe Leonardo Padilla Lopez," as the plaintiff-appellee in this case, the record below reveals that the eviction complaint was filed by "Leonardo Padilla" and that the captions for both the eviction order and the order denying the defendant's motion to vacate in the circuit court state that "Leonardo Padilla" is the plaintiff in this case. While we are uncertain as to why the name has been changed for purposes of appeal, in order to remain consistent with the defendant's notice of appeal, we shall keep the caption intact.

Padilla, against the defendant, Darnisha Jones, seeking possession of the property located at 619 South Seeley Avenue, in Chicago (the property). The defendant appeals *pro se* from the circuit court's order denying her motion to vacate the eviction order granting possession of the property to the plaintiff. For the following reasons, we dismiss the defendant's appeal for her failure to comply with the rules governing appellate briefs and the numerous defects in the record which preclude consideration of her appeal.

¶ 3       From the sparse record before us we have been able to glean the following relevant facts and procedural history. On May 23, 2019, the plaintiff filed a one-page complaint seeking the possession of the property and eviction of the defendant from the premises, on the basis that the defendant "held over after the tenancy ended." In support, the complaint attached a document titled "Landlord's Thirty-Day Notice" and an "Affidavit of Service" by Leopoldo Saucedo attesting that on January 17, 2019, he posted a copy of the said notice on the front door of the property.

¶ 4       After the defendant was served with trial summons, she filed a *pro se* appearance on June 19, 2019.  Three days later, on June 21, 2019, after an evidentiary hearing the circuit court entered an eviction order granting possession of the property to the plaintiff.

¶ 5       On September 13, 2019, the defendant filed a *pro se* motion to vacate, asserting, *inter alia*, that: (1) she was not properly served with notice of the plaintiff's "purchas[e] of delinquent taxes" on her home, or any other relevant documents; and (2) she could not appear at the eviction hearing because she had a court hearing elsewhere.

¶ 6       On September 17, 2019, the circuit court denied the defendant's motion.

¶ 7       The defendant now appeals *pro se*, arguing, albeit intartfully, that: (1) she was not properly served with notice of eviction; (2) the plaintiff failed to establish that he had a right to possession of the property by either a holdover tenancy or abandonment; and (3) the circuit court erred in not

providing a different court date for the eviction hearing so that she could be present.

¶ 8     We entered an order taking the case for consideration on the record and the defendant's brief only based on the plaintiff's failure to file a brief within the time prescribed by Illinois Supreme Court Rule 343(a) (Ill. S. Ct. R. 343(a) (eff. July 1, 2008)). We therefore consider the defendant's appeal without the benefit of the plaintiff's brief. See *First Capitol Mortgage Corp. v. Talandis Construction Corp*. 63 Ill. 2d 128, 131-133 (1976) (setting forth the principles for the disposition of appeals in cases where the appellees have not filed their briefs).

¶ 9     At the outset, we note that the defendant's brief, which can at best be described as cursory, fails to comply with the supreme court rules governing appellate review. Illinois Supreme Court Rule 341(h)(6) states that the appellant's statement of facts "shall contain the facts necessary to an understanding of the case, stated accurately \*\*\*, and with appropriate references to the record on appeal." Ill. S. Ct. R. 341(h)(6) (eff. Nov.21, 2017). Similarly, Supreme Court Rule 341(h)(7) directs that the appellant's arguments be supported by citation to relevant legal authority and by "the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Nov. 21, 2017).

¶ 10     Under Rule 341(h)(7) a reviewing court is entitled to have issues clearly defined with "cohesive arguments" presented and pertinent authority cited. *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993). "The failure to elaborate on an argument, cite persuasive authority, or present a well-reasoned argument violates Rule 341(h)(7) and results in waiver of that argument." *Sakellanadis v. Campbell*, 391 Ill. App. 3d 795, 804 (2009). "The purpose of the rules is to require parties before a reviewing court to present clear and orderly arguments so that the court can properly ascertain and dispose of the issues involved." *Hall v. Naper Gold Hospitality, LLC*, 2012 IL App (2d) 111151, ¶ 7.

¶ 11     In the present case, both the defendant's statement of facts and arguments provide little

understanding of the case. The defendant's statement of facts consists of a single two-sentence paragraph, with one citation to the record on appeal merely referencing the plaintiff's complaint. In addition, the defendant's argument section is barely developed, with one sentence assertions regarding different claims spattered throughout and supported by no citation to the record below. Instead, the defendant's argument section repeatedly makes emotional pleas, and references documents and information that are not part of the record on appeal, some of which the defendant attaches as exhibits to her appellate brief.[2] Nor does the defendant provide a single citation to legal authority in support of her arguments.

¶ 12    Compliance with Rule 341 is not an inconsequential matter. Supreme court rules " ' "are not aspirational. They are not suggestions. They have the force of law, and the presumption must be that they will be obeyed and enforced as written." ' " *Rodriguez v. Sheriff's Merit Commission of Kane County*, 218 Ill. 2d 342, 353 (2006) (quoting *Roth v. Illinois Farmers Insurance Co.*, 202 Ill. 2d 490, 494 (2002) (quoting *Bright v. Dicke*, 166 Ill. 2d 204, 210 (1995))). Where an appellant's brief fails to comply with the supreme court rules, this court has the inherent authority to strike the brief and dismiss the appeal. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12; see also *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005);  see also *Coleman v. Windy City Balloon Port, Ltd.*, 160 Ill App. 3d 408, 419 (1987) ("without adequate support in the record, an allegation included in the statement of facts contained in an appellate brief lies outside the record [citation]; *** [and] should

---

[2] Such exhibits are inappropriate on appellate review as we have no way of knowing whether the circuit court saw, much less, considered them in rendering its judgment. See *City of Chicago v. Harris Trust & Savings Bank*, 346 Ill. App. 3d 609, 615, n. 2 (2004) (reviewing court cannot consider a document in appendix if it is not made part of record on appeal); *Jones v. Police Board of the  City of Chicago*, 297 Ill. App. 3d 922, 930 (1998) (attachments to briefs not otherwise before the reviewing court cannot be used to supplement the record); *accord Marzouki v. Najar– Marzouki*, 2014 IL App (1st) 132841, ¶ 20 (including documents in an appendix is not proper way to supplement record).

be stricken and not considered on appeal ***.")

¶ 13   While we recognize that the defendant is proceeding *pro se*, we note that this status does not relieve her of the obligation to comply with Supreme Court Rule 341. Our courts have repeatedly held that " a *pro se* litigant *** is not entitled to more lenient treatment than attorneys." *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. In Illinois, parties choosing to represent themselves without a lawyer must comply with the same rules and are held to the same standards as licensed attorneys. *People v. Richardson,* 2011 IL App (4th) 100358, ¶ 12 ("Finally, where a defendant elects to proceed *pro se,* he is responsible for his representation and is held to the same standards as an attorney."); *In re Estate of Pellico,* 394 Ill. App. 3d 1052, 1067 (2009) ( "Further, we note that *pro se* litigants are presumed to have full knowledge of applicable court rules and procedures and must comply with the same rules and procedures as would be required of litigants represented by attorneys."). Accordingly, in our discretion we strike the defendant's brief and dismiss the appeal. *Dart*, 2015 IL App (1st) 141291, ¶ 12.

¶ 14   That said, we observe that even if were we inclined to consider the appeal on the merits, defects in the record preclude us from doing so. *In re Estate of Jackson*, 354 Ill. App. 3d 616, 62-21 (2004). The defendant's *pro se* brief makes numerous allegations regarding the impropriety of the circuit court's evidentiary findings, including that: (1) the plaintiff properly served the defendant with notice of the termination of her tenancy and eviction, and (2) the plaintiff was entitled to possession of the property on the basis of a holdover tenancy, or the defendant's abandonment of the property. The defendant also argues that the circuit court improperly decided to hold the eviction hearing after the defendant's appearance even though the defendant was unable to attend because of another court hearing elsewhere. Fatal to the defendant's contentions, however, is the fact that the record on appeal consists solely of the common law record, which is

devoid of an information from which we could determine whether the arguments in her *pro se* brief have any merit. The record on appeal does not contain any report of the proceedings below, nor any acceptable substitute such as a bystanders' report, or an agreed statement of facts, as authorized under Illinois Supreme Court Rule 323 (Ill. S. Ct. R. 323 (eff. Dec. 13, 2005)). Without such a report of the proceedings, we have no basis of knowing what evidence, testimony or arguments were presented at the eviction hearing, on what basis the circuit court entered an order of possession in favor of the plaintiff, and whether such judgment was against the manifest weight of the evidence. Similarly, we have no way of knowing what testimony the defendant presented in support of her motion to vacate, and whether she offered any evidence of her inability to attend the eviction hearing. As such, we can only speculate as to the circuit court's reasons for denying her motion.

¶ 15    The defendant, as the appellant, had the burden of presenting a sufficiently complete record of the proceedings below to facilitate meaningful review of her claims. *In re Alexander R.*, 377 Ill. App. 3d 553, 557 (2007); see also *Corral v. Mervis Industries, Inc.,* 217 Ill. 2d 144, 156 (2005); *Webster v. Hartman*, 195 Ill. 2d 426, 432 (2001); *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). "[A] reviewing court is not simply a depository into which a party may dump the burden of argument and research." *People ex rel. Illinois Department of Labor v. E.R.H. Enterprises, Inc.*, 2013 IL 115106, ¶ 56. "Reviewing courts will not search the record for purposes of finding error *** when an appellant has made no good-faith effort to comply with the supreme court rules governing the contents of briefs." *Estate of Parker*, 2011 IL App (1st) 102871, ¶ 47; see also *People v. Universal Public Transportation, Inc.*, 2012 IL App (1st) 073303–B, ¶ 50 ("[I]t is neither the function nor the obligation of the Appellate Court to act as an advocate or search the record for error."). Without an adequate record preserving the claimed error, a reviewing court must presume

the circuit court's order had a sufficient factual basis and that it conforms with the law. *Corral*, 217 Ill. 2d at 157; see also *Illinois Neurospine Institute, P.C. v. Carson*, 2017 IL App (1st) 163386, ¶ 33 (quoting *People v. Carter*, 2015 IL App (1st) 117709, ¶ 19).

¶ 16 Accordingly, even if we did not dismiss the defendant's appeal based on her violations of Rule 341, we would be unable to address her claims because they are not supported by the record.

¶ 17 Therefore, we exercise our discretion and strike the defendant's brief and dismiss her appeal.

¶ 18 Dismissed.