**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (3d) 240616-U

Order filed March 30, 2026

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2026

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-24-0616 Circuit No. 19-CF-261 |
| DEIONTAE SHAWNRICO McMILLIAN, | ) ) ) | Honorable Carmen Julia Goodman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court.
Justices Holdridge and Anderson concurred in the judgment.

_____

**ORDER**

¶ 1        *Held*:   Defendant failed to establish his claim of ineffective assistance of counsel.

¶ 2        Following a jury trial, defendant, Deiontae Shawnrico McMillian, was found guilty of first degree murder and sentenced to 48 years' imprisonment. Defendant appeals, arguing counsel provided ineffective assistance in presenting his motion to dismiss by failing to use available evidence or present a substantive argument to make a *prima facie* showing that the offense was not committed in Will County. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4          On February 13, 2019, the State charged defendant by indictment with three counts of first degree murder (720 ILCS 5/9-1(a)(1), (2) (West 2018)) in that he strangled and caused the death of Danica Ford. Defendant retained private counsel.

¶ 5          On November 4, 2021, counsel filed a motion to dismiss the indictment for lack of jurisdiction, or in the alternative, for improper venue (725 ILCS 5/114-1(a)(6), (7) (West 2018)). The motion contended no element of the offense occurred in Will County. The State filed a written response, arguing, *inter alia*, defendant failed to establish a *prima facie* case that Will County was not a proper venue, and alternatively, Will County was a proper venue because it is unknown where the strangulation or death occurred and defendant may be tried in the county where the body was found (720 ILCS 5/1-6(c) (West 2018)). The State provided Ford's body was found in a wooded area in Joliet, Will County, Illinois, a forensic pathologist would establish the cause of death as strangulation but not the time of death, and it was not expected that any witness would testify to seeing the strangulation or being present when Ford died.

¶ 6          On November 23, 2021, the court held a hearing on the motion. Counsel argued the evidence pointed to the offense having occurred in Cook County. The court asked the State what evidence supported this position, and the State responded that it was defendant's burden and the burden had not shifted. Defense counsel stated the motion was based on "every piece of discovery that's been tendered to [him]." The court directly asked counsel how Cook County was involved. Defense counsel replied, "Based on the discovery that I've been tendered, [Y]our Honor." The court denied the motion.

¶ 7          On February 24, 2022, defendant filed a motion for substitution of counsel wherein he requested to proceed *pro se*. Following a hearing, the court allowed the motion.

¶ 8 　　On March 20, 2024, defendant filed a *pro se* motion to dismiss for lack of jurisdiction. Defendant argued Ford was last seen alive in Cook County. Attached to the motion were various exhibits. Defendant emphasized statements in news articles that "Will County detectives do not believe that Ford was murdered in Will County, nor does evidence suggest this" and "sheriff's officials do not believe that [Ford] was killed in the Joliet area." Defendant also included the State's response to counsel's motion to dismiss. Defendant emphasized portions where the State asserted the evidence did not establish a known location for where the strangulation of Ford occurred or where death ensued.

¶ 9 　　Defendant also attached the report of proceedings from the hearing on a motion to reduce bond filed by defendant where the State provided the evidence would demonstrate the following: Defendant and Ford were in a dating relationship and lived in various motels and paid by the night. There was a falling out between defendant and Ford when they were staying at the Star Lite Motel in South Holland, Cook County, Illinois. Ford's burned body was found by a hunter in a partially dug grave in Joliet. Ford's body was wrapped in bedding from the Star Lite Motel. At the hearing, the State provided, "we're able to link the murder to the Starlite where the defendant is last with her." The State offered the evidence also consisted of video footage from a Walmart where defendant purchased a shovel and from a gas station where defendant purchased a small amount of gasoline. Also attached to defendant's motion were photographs of the autopsy and the wooded area where Ford's body was found.

¶ 10 　　On June 13, 2024, the court held a hearing on the motion. The court stated, "I know that this was argued when you were represented by counsel ***. *** But because you're representing yourself, we're gonna hear this anew, if there's any other information that was not brought up."

Defendant stated counsel did not meet the burden of proving Ford died in Cook County and photographs demonstrated it was impossible for Ford to have died in Will County. He argued:

> "She was found in Will County, but it's how she was found. She was only found in her panties. She was found wrapped up in the Starlite blanket, which they're tying back to Cook County. If I show you these pictures, you will see the amount of blood that's in the bed wrapping that she's in. You'll see there is no blood on her feet. There's no blood on her body."

The State argued it was unknown where the death occurred, and therefore, it was authorized to bring charges in the county where the body was found. The State explained, if charges were brought in Cook County, a contrary argument could be made that the charges should be brought in Will County where the body was found because there was no evidence clearly pointing to Cook County for the precise location and time of death. The court denied the motion.

¶ 11    On August 6, 2024, the matter proceeded to a jury trial. The jury found defendant guilty of first degree murder. Defendant filed a motion for a new trial, which the court denied and sentenced him to 48 years' imprisonment. Defendant appeals.

¶ 12    II. ANALYSIS

¶ 13    On appeal, defendant argues counsel provided ineffective assistance in presenting his motion to dismiss by failing to use available evidence or present a substantive argument to make a *prima facie* showing that the offense was not committed in Will County.

¶ 14    The United States and Illinois Constitutions guarantee criminal defendants the right to the effective assistance of counsel. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8. In determining whether defendant was denied the effective assistance of counsel, we apply the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail on this

4

claim, a criminal defendant must demonstrate that counsel's performance was deficient and the deficient performance prejudiced the defendant. *Id.* "Establishing prejudice under the *Strickland* inquiry requires a defendant to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (Internal quotation marks omitted.) *People v. Barrow*, 195 Ill. 2d 506, 520 (2001). Failure to establish either prong of this test will be fatal to the claim. *People v. Richardson*, 189 Ill. 2d 401, 411 (2000). Our review is *de novo*. *People v. Hale*, 2013 IL 113140, ¶ 15.

¶ 15    We conclude defendant cannot establish prejudice, and accordingly, his claim fails. The record demonstrates, after the court denied counsel's motion to dismiss, defendant was allowed to proceed *pro se* and argue the motion anew where he could present any additional information that was not previously raised. Along with other exhibits, defendant presented photographs of the autopsy and the wooded area where Ford's body was found to demonstrate the offense occurred in Cook County. The court again denied the motion, but defendant does not challenge that ruling. Thus, we cannot say defendant has established prejudice for counsel's alleged failure where defendant thereafter proceeded *pro se* and was given an opportunity to fully litigate the motion and present any additional evidence. See *People v. Gomez*, 2025 IL App (3d) 230750-U, ¶ 17 (the defendant's claim of ineffective assistance of appellate counsel from his direct appeal failed where the appeal was nonetheless successful, the defendant was granted a new trial and awarded a renewed opportunity to proceed on pretrial motions).

¶ 16    As to this point, the State relies on *People v. Wanke*, 303 Ill. App. 3d 772, 783-84 (1999), which is instructive. In *Wanke*, the defendant took issue on appeal with the circuit court's denial of his motion for the substitution of counsel based on ineffective assistance. *Id.* at 783. The

defendant argued he was prejudiced by counsel's performance at a suppression hearing. *Id.* However, the circuit court "vacated its order denying the motion to suppress and allowed the defendant to reopen proofs and proceed *pro se* on the renewed motion." *Id.* at 783-84. The defendant was then permitted to present any additional evidence he desired, and he presented numerous witnesses. *Id.* at 784. Nonetheless, the court again denied the motion to suppress. *Id.* The appellate court concluded, "the defendant has failed to establish that defense counsel's alleged deficiencies regarding the presentation of testimony and evidence at the first suppression hearing prejudiced the defendant." *Id.* Thus, it could not be said that counsel's performance affected the outcome of the trial. *Id.* The absence of prejudice in *Wanke* closely resembles the case at bar.

¶ 17    While defendant argues *Wanke* does not apply because it concerned the court's denial of a motion for the substitution of counsel that applies a different standard of review, this is a distinction without a difference as applied to the circumstances of this case. Defendant attempts to further differentiate *Wanke* on the basis that the defendant in *Wanke* had standby counsel. See *id.* at 776. However, that fact was not given any weight in the *Wanke* court's analysis on this issue. Moreover, "where a defendant elects to proceed *pro se*, he is responsible for his representation and is held to the same standards as any attorney." *People v. Richardson*, 2011 IL App (4th) 100358, ¶ 12. Thus, as defendant cannot demonstrate prejudice, his claim of ineffective assistance of counsel fails.

¶ 18                                III. CONCLUSION

¶ 19    The judgment of the circuit court of Will County is affirmed.

¶ 20    Affirmed.